[No. 12369. In Bank. — July 3, 1889.]

## RHODA A. VAN CLEAVE, APPELLANT, *v.* JOHN BUCHER, AS SHERIFF, RESPONDENT.

SHERIFF — FAILURE TO RETURN EXECUTION — ACTION FOR DAMAGES — PLEADING — PAYMENT OF FEES.— It is not necessary, in an action against a sheriff for damages for failure to return a writ of execution, to allege in the complaint that the fees of the sheriff were paid. If the fees were not paid, and the writ was not served or returned on that ground, it must be pleaded by the sheriff as matter of defense.

ID. — DUTY OF SHERIFF — VOIDABLE EXECUTION. — If an irregular or imperfect execution is amendable, it is not void, but only voidable, and it is the duty of the sheriff to serve and return it.

EXECUTION — REFERENCE TO JUDGMENT ROLL — PRESUMPTION — IMPERFECTIONS IN WRIT. — A writ of execution stating the county in which the judgment was recovered intelligibly shows in what county the judgment roll was filed, upon the presumption that the clerk of the superior court of that county did his duty in making up and filing the judgment roll. If the writ commands the sheriff to make a specified sum by levy, distress, and sale out of defendant's property, without showing specifically the amount of the judgment or the amount due upon the judgment, it is not void, but amendable.

DIVORCE — EXECUTION FOR ALIMONY. — An execution may be issued for alimony allowed by a decree or order of court, without first giving the defendant an opportunity to show cause why he had not obeyed the order.

ACTION AGAINST SHERIFF — PLEADING — OFFICIAL CAPACITY — AMBIGUITY. — In an action against a sheriff for damages for failure to return a writ of execution, if the defendant is described as sheriff in the title of the cause, and the complaint avers his official capacity, and that the writ in question was delivered to him as sheriff, but that, in violation of his duty as sheriff, he failed to return the same, to the damage of plaintiff in the amount of the writ, the complaint shows that the action is brought against the defendant as sheriff, and is not demurrable for ambiguity in not showing whether he was sued in his official or in his individual capacity.

APPEAL from a judgment of the Superior Court of Modoc County.

The facts are stated in the opinion.

*Spencer & Raker*, for Appellant.

*Ewing & Claflin*, for Respondent.

FOOTE, C. — This is an action for damages against a sheriff for the alleged failure to return a writ of execution.

A demurrer was filed to the amended complaint, stating as grounds therefor, — 1. "That said amended complaint does not state facts sufficient to constitute a cause of action against the defendant as sheriff of Modoc County; 2. That said amended complaint does not state facts sufficient. to constitute a cause of action; 3. That said amended complaint is ambiguous and uncertain in this: It does not appear with certainty therein whether or not this action is sought to be maintained against the defendant as sheriff of Modoc County, or against him in his individual and private capacity."

This demurrer was sustained, and the plaintiff declining to amend, judgment was duly given in favor of the defendant, from which this appeal is prosecuted.

It is urged upon us, because of the want of an allegation in the complaint, that the sheriff's fees were paid, that the pleading in question was demurrable.

That was a matter which the sheriff might perhaps have set up in an answer by way of defense, joined with a statement that he had refused to receive and serve the writ until such fees were paid, but the complaint was not demurrable for not stating that such payment was made.

It is claimed that the execution does not state the county where the judgment roll was filed, and was therefore void, under section 682 of the Code of Civil Procedure.

The writ states that "on the eighth day of November, 1884, in the superior court of the county of Lassen, and state aforesaid," the judgment was recovered. The statute provides that a judgment roll shall be filed in the county where the judgment is recovered. (Code Civ. Proc., sec. 670.) It is to be presumed that the clerk of the superior court, whose duty it was to make up and file the judgment roll, did so, and therefore it intelligibly appeared upon the face of the writ that the judgment roll was filed in Lassen County.

It is further alleged that the writ was void because it did not state the amount of the judgment, or the amount actually due thereon.

It is true that neither the amount of the judgment or the amount actually due thereon are stated in such manner as that the *exact* amount either due or for which the judgment was rendered can absolutely and without doubt be ascertained, but it is certain that the sheriff was informed by the language of the writ that the judgment was rendered for at least the sum of $390, which he was commanded to make by levy, distress, and sale out of the defendant's property.

These imperfections in the writ could have been amended. (Code Civ. Proc., sec. 1128, subd. 8.)

If amendable, the writ was not void, but only voidable, and should have been served and returned by the sheriff. (Freeman on Executions, sec. 103; *Hibbard* v. *Smith*, 50 Cal. 511.)

It is further argued that the writ was void because issued under an order incident to a decree of divorce, before the defendant had been given an opportunity to show cause why he had not obeyed the order of the court.

Section 139 of the Civil Code, and section 1007 of the Code of Civil Procedure, are as follows: —

"Where a divorce is granted for an offense of the husband, the court may compel him to provide for the

maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support . . . . as the court may deem just." (Civ. Code, sec. 139.)

"Whenever an order for the payment of a sum of money is made by a court pursuant to the provisions of this code, it may be enforced by execution in the same manner as if it were a judgment." (Code Civ. Proc., sec. 1007.)

In view of these provisions, we fail to see any force in that contention on the part of the respondent.

We think from an inspection of the *whole complaint* that it was not doubtful in what capacity the defendant was sued. It is clear that the action was brought against him as the sheriff of Modoc County.

For these reasons, the judgment should be reversed, and the court below directed to overrule the demurrer.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is reversed, and the court below directed to overrule the demurrer.

PATERSON, J., and BEATTY, C. J., dissented.