[Civ. No. 9449. First Appellate District, Division Two.—April 20, 1934.]

GRACE C. SHIELDS, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Harold H. Price for Petitioner.

Dean Cunha for Respondents.

SPENCE, J. — Petitioner seeks a writ of mandate to compel the respondent court and the clerk thereof to issue execution.

From the petition it appears that petitioner obtained an interlocutory decree of divorce in 1924 and a final de-

cree of divorce in 1925. By the terms of said interlocutory decree, the husband was ordered to pay to petitioner the sum of $250 per month for the support of petitioner and the further sum of $150 per month for the support of the two minor children of the parties. The provisions of the interlocutory decree providing for the monthly payment to petitioner of the total sum of $400 have never been modified. Petitioner alleges that there is now owing and unpaid thereon a sum in excess of $12,000. On February 6, 1934, petitioner made a motion upon notice in the divorce action for the issuance of execution. Said motion was supported by an affidavit showing that the amount due was in excess of $12,000. A hearing was had and thereafter the trial court denied said motion. Petitioner further alleges that the trial court and the clerk thereof have refused and still refuse to issue said execution.

From the answers of the respondents herein and from the stipulations of the parties at the time of the hearing in this court, it appears that petitioner had been previously brought before the trial court in August, 1932, in response to an order to show cause. After the hearing upon said order to show cause, no modification of the decree was made, but the trial court discharged the order, stating that if the husband paid to petitioner the sum of $100 per month, it would be deemed that the husband had complied with the terms of the decree to the best of his ability. The affidavit filed in the trial court in opposition to the motion for the issuance of execution is attached to the answer herein. It appears therefrom that the financial condition of the husband materially changed after the entry of said interlocutory decree and that he had been unable to comply with the terms of the decree for more than three years further than to pay the sum of $100 per month. It also showed that execution had been issued on four previous occasions. Upon one of said occasions, the writ had been returned partially satisfied to the extent of $465.10 by the proceeds of the sale of an interest of the husband in a piece of real property. Upon the other three of said occasions, the writs were returned unsatisfied. It further appeared from the affidavit that the husband had no property subject to execution; that he and others had been examined before the trial court regarding his property; that a pre-

vious application in January, 1934, for the issuance of execution had been denied by the trial court; that the children of the parties had received estates by inheritance from the husband's father and had been adequately supported for more than two years out of the property of said estates; and that at the time of the application for the issuance of execution in February, 1934, there was pending in the trial court another order to show cause, which was set for hearing on February 16, 1934.

Petitioner contends that she was entitled to the issuance of execution as a matter of right and that upon the denial of her motion she became entitled to a writ of mandate to compel the issuance thereof. (*Holtum* v. *Greif*, 144 Cal. 521 [78 Pac. 11].) In reply respondents urge several points. They claim that petitioner was not entitled to a writ of execution as a matter of right, but that at all times the enforcement by execution of the provisions of the decree providing for the monthly payments for support rested in the discretion of the trial court. In other words, respondents claim that said provisions for support were not enforceable by execution in the same manner as an ordinary money judgment under sections 681 and 685 of the Code of Civil Procedure, but that said provisions were enforceable only in the discretion of the court under section 140 of the Civil Code.

As we view the situation in the present case, it is unnecessary to discuss these conflicting contentions. If the position taken by respondents is correct, then the issuance of execution was at all times a matter within the discretion of the trial court. If, on the other hand, the position taken by petitioner is correct, the question of whether she was entitled to the issuance of a writ of execution was to be determined by the provisions of sections 681 and 685 of the Code of Civil Procedure. The provisions of said section 681, relating to judgments generally, entitled the judgment creditor to a writ of execution as a matter of right "at any time *within five years after the entry*" of the judgment. Under said section 685, a writ of execution may be had upon a judgment only "by leave of court" after the lapse of five years "*from the date of its entry*". The decree here was entered in 1924 and the motion for the issuance of execution was made in 1934, approximately

ten years after the entry of the decree. Under either view, petitioner was not entitled to a writ of execution as a matter of right at the time the motion was made, but only in the discretion of the trial court. While it is true that a monthly installment had accrued and become payable each month during the five-year period immediately preceding the making of the motion for the issuance of execution and while it is further true, as pointed out by appellant, that the decree could not be modified as to sums already accrued (*Cummings* v. *Cummings,* 97 Cal. App. 144 [275 Pac. 245]; *Bruton* v. *Tearle,* 117 Cal. App. 696 [4 Pac. (2d) 623], we are here dealing solely with the question of the *manner of enforcement* of the provisions of the decree. Assuming that sections 681 and 685 of the Code of Civil Procedure are the sections providing for the manner of enforcement as contended by petitioner, she was not entitled thereunder to the issuance of execution as a matter of right after the lapse of five years from the date of the *entry of the decree.* This view finds support in *Parker* v. *Parker,* 203 Cal. 787 [266 Pac. 283], and *Radonich* v. *Radonich,* 130 Cal. App. 250 [20 Pac. (2d) 51]).

■ Petitioner stands upon her contention that she was entitled to execution as a matter of right and does not claim that the trial court abused its discretion, assuming that the motion for issuance of execution was one addressed to the discretion of the trial court. We may state, however, that even if the motion was heard solely upon the affidavits referred to above, we find nothing to justify the issuance of a writ of mandate by this court to compel the trial court to issue the writ of execution. It is only in rare instances that the writ of mandate will lie to compel the exercise of discretion in a particular manner. (*Hilmer* v. *Superior Court,* 220 Cal. 71 [29 Pac. (2d) 175].)

The alternative writ is discharged and the petition is denied.

Nourse, P. J., and Sturtevant, J., concurred.