[Civ. No. 2423.   Fourth Appellate District.—December 5, 1939.]

PEARL E. ATKINSON, Appellant, v. CHARLES E. AT-
KINSON, Respondent.

F. D. R. Moote and Best & Best for Appellant.

Kelley & Hews for Respondent.

MARKS, J.—This is an appeal from an order denying a motion to issue an execution on a judgment.

On September 14, 1925, in an action for divorce plaintiff was awarded $150 a month for her support and maintenance. Payments in full were made regularly by defendant until November 1, 1932. He thereafter paid $100 per month from that date to August 1, 1937, upon the promise "that as soon as business conditions improved he would make up his back payments". No payments were made for the months of August, September and October, 1937. When the petition to issue the execution was filed on February 24, 1938, it was claimed and not denied that there was $3,300, besides accrued interest, unpaid on the judgment.

Defendant admitted that since the divorce he had accumulated property of a value, above incumbrances, in excess of $30,000. He admitted placing title to the major part of this property in the name of his brother and that it was later transferred to his second wife. He claims this last transfer was for a valuable consideration. He had other property of small value standing in his own name.

Defendant testified that his wife was ill and that he was not in good health; that he was a practicing physician engaged in the general practice of medicine in Banning, California; that his income from his practice had been greatly reduced. We find no statement of his net earnings nor of his net income, if any.

Defendant urges that the affidavit of plaintiff supporting the petition for the issuance of the execution was defective in that it did not sufficiently set forth the reasons for failure to proceed in compliance with the provisions of section 681 of the Code of Civil Procedure and that such failure to set forth such reasons was sufficient ground for denial of the motion. (Sec. 685, Code Civ. Proc.)

Under the facts of this case we regard the affidavit as sufficient in this respect. Section 685 of the Code of Civil Procedure has to do with the enforcement of judgments after the lapse of five years from the date of their entry. The section requires reasons to be set forth why the judgment was not enforced within the five years. In the instant case the five years after the entry of judgment expired in 1930. The judgment was payable in monthly instalments.

All instalments were paid promptly as they fell due up to August 1, 1932, almost seven years after the entry of judgment. ▉ Execution cannot issue on such a judgment until after default in the payment of an instalment and the statute of limitations does not commence to run until such default. (*DeUprey* v. *DeUprey,* 23 Cal. 352; *Gaston* v. *Gaston,* 114 Cal. 542 [46 Pac. 609, 55 Am. St. Rep. 86]; *Harlan* v. *Harlan,* 154 Cal. 341 [98 Pac. 32]; *Yager* v. *Yager,* 7 Cal. (2d) 213 [60 Pac. (2d) 422]; *Shields* v. *Superior Court,* 138 Cal. App. 151 [31 Pac. (2d) 1045].) Thus it clearly appears from the affidavit that the judgment was not enforced by writ of execution within five years from the date of its entry because performance of its terms by defendant rendered further enforcement impossible. This is a clear and convincing reason for nonenforcement of the judgment by execution within the five-year period. It certainly should have satisfied the requirements of section 685 of the Code of Civil Procedure and should have left no question to be determined that involved any discretion on the part of a judge.

▉ Defendant relies on the case of *Williams* v. *Goodin,* 17 Cal. App. (2d) 62 [61 Pac. (2d) 507], where it appeared that the defendant was in poor health and an order refusing to issue the execution after the five-year period was affirmed. There was a vigorous dissenting opinion filed by Mr. Presiding Justice Houser, now Associate Justice of the Supreme Court. In two later cases the dissenting opinion was approved and followed. (See, *McClelland* v. *Shaw,* 23 Cal. App. (2d) 107 [72 Pac. (2d) 225]; *Passow* v. *Bell,* 27 Cal. App. (2d) 360 [81 Pac. (2d) 224].) We therefore conclude that the views expressed in the dissenting opinion expresses the majority view in California.

That a motion for the issuance of execution after the lapse of five years after its entry is addressed to the sound discretion of the trial judge cannot be doubted. (See cases cited in *McClelland* v. *Shaw, supra,* pp. 109, 110.)

In *McClelland* v. *Shaw, supra,* it was said: " ' "It is true as claimed by the learned counsel for the respondents, that orders like the present, in legal parlance, rest very much in the discretion of the court below, and will not be disturbed by this court unless we are satisfied that the order is so plainly erroneous as to amount to an abuse of discretion.

(Citing Authorities.) The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates. If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit *in foro legis,* when examined under those rules of law by which judges are guided to a conclusion, the judgment of the court below will not be disturbed. If, on the contrary, we are satisfied beyond a reasonable doubt that the court below has come to an erroneous conclusion, the party complaining of the error is as much entitled to a reversal in a case like the present as in any other." (*Bailey* v. *Taaffe,* 29 Cal. 422.)

" 'It is the intent of the law, and it would seem the intent, as well, of good morals, that everyone being able should pay his debts. Here we find the debt ripened into a judgment. Several years go by and it is not paid. The law does not contemplate that, the time of the statute of limitations having run, the liability to pay has completely passed. The motion made in this case is provided for by law. There must, then, be something added to the mere fact of the expiration of the time and that the judgment debtors were possessed of personal property, which would move the court to deny the right given by the statute, section 685 of the Code of Civil Procedure. As was said in *Hovey* v. *Bradbury,* 112 Cal. 620, at page 625 [44 Pac. 1077, 1078] : ''Nor, when we come to view plaintiff's conduct generally, can there be seen any act or omission upon his part which would justify so stern a treatment of his claim as its rejection under the doctrine of laches. That doctrine, as has been said, is neither technical nor arbitrary. It is not designed to punish a plaintiff. It can be invoked only where to allow the claim would be, because of the claimant's own acts, to permit an unwarranted injustice. It looks to the peace of society, and not to the punishment of the claimant, even if he has been negligent.'' ' ''

We can find no valid reason in the record which would permit the exercise of a sound discretion in denying the motion in question here. Plaintiff could not have had execution within the five-year period for reasons already given. Because of the peculiar circumstances of this case she had to apply to the trial judge in order to have the execution issued at all. (*Shields* v. *Superior Court, supra.*) Her demand, or at least the major part of it, had not been barred by the statute of limitations. Defendant had not been prejudiced by her forbearance and had probably benefited from it. He has some property that is subject to execution and which should be applied to the payment of his debt.

As it is the intent of the law as well as of good morals that a defendant should pay his debt that has ripened into a judgment (*Demens* v. *Huene,* 89 Cal. App. 748 [265 Pac. 389]) ; as defendant has not been injured by any delay ; as the statute of limitations has not run against the unpaid portion of the judgment, or at least the greater part thereof, we can find no rule of law nor sound reason supporting the order in question here. Where, as here, execution could not have been issued within the five-year period, and where the statute of limitations has not barred a plaintiff's judgment, or a considerable portion thereof, we regard the issuance of an execution more as a matter of right than of judicial discretion except in the face of unusual circumstances which do not appear here.

The order is reversed.

Barnard, P. J., and Griffin, J., concurred.