[Civ. No. 13597. Second Dist., Div. Three. Nov. 17, 1942.]

GRACE SHIELDS, Respondent, v. JACK E. SHIELDS, Appellant.

Walter G. Danielson and LeRoy B. Lorenz for Appellant.

Harold F. Pettee, Jr., and Fred W. Raab, Jr., for Respondent.

BISHOP, J. pro tem.—This appeal, taken by the defendant, is from an order which determined that the defendant had been directed, but failed to pay, for his daughter's support the sum of $2,908, and which authorized the use of a writ of execution to collect that sum with interest. The defendant has not pointed out any valid ground for reversing the order which he attacks and none appears.

It appears from recitals in the order itself that in July, 1925, an interlocutory judgment of divorce was rendered

in plaintiff's favor, followed in March of 1927 by a final judgment of divorce. In each of these judgments the defendant was directed to pay to plaintiff for the support of the minor daughter of the parties, the sum of $60 each month, " 'said payments to continue until said minor child shall arrive at the age of eighteen years, or so long as said minor child shall be supported and maintained by [the plaintiff].' " Up until May 18, 1933, the daughter, not yet eighteen years of age, lived with and was wholly supported and maintained by the plaintiff. On May 18, 1933, the plaintiff remarried and thereafter her new husband shared in the support of her daughter, so that the defendant was not charged with any sum which accrued after that date. Such payments as he made after that date, however, were credited on the amount in which he was found to be then in arrears.

The defendant takes the position on this appeal that the court had no authority to order execution to issue for payments for child support that were more than five years overdue. In support of this position he contends that section 685, Code of Civil Procedure, is inapplicable, largely because it and its companion, section 681, have to do with executions on judgments, and so have no reference to orders for child support, which are not judgments because they can be modified at any time and their enforcement is always discretionary, never a matter of right. In this connection he insists that there is a distinction between orders for wife support and child support. The defendant further argues that the object of the law is to see that the child is supported, and any money recovered by the plaintiff at this late day would go to support her and her lawyer, not the daughter who is no longer a minor.

It is not our purpose to point out at any length the reasons why defendant's arguments carry no conviction; in the main we shall find a reference to the authorities all sufficient. A reading of sections 136, 137, 138 and 139 of the Civil Code makes it clear that the authority given the court to order and enforce child support differs in no particular of significance to our problem from that given respecting alimony. Any order made for either may be modified, and so has that aspect of nonpermanency on which the defendant lays stress. The contention that such an order is therefore not a "judgment," was considered and answered adversely in *Biltmore Drug Store* v. *Superior Court*, (1929)

101 Cal.App. 363, 364, 365 [281 P. 710]. (See, also, *Lisenbee* v. *Lisenbee,* (1919) 42 Cal.App. 567 [183 P. 862].)

Section 1007 of the Code of Civil Procedure reads: ''Whenever an order for the payment of a sum of money is made by a court pursuant to the provisions of this code, it may be enforced by execution in the same manner as if it were a judgment.'' It has been held that this section applies to orders made pursuant to sections 137 and 139, Civil Code. (*Van Cleave* v. *Bucher,* (1889) 79 Cal. 600, 602, 603 [21 P. 954, 955] ; *Edwards* v. *Superior Court,* (1928) 88 Cal. App. 260, 262 [263 P. 347, 348].)

The appellate courts of this state have repeatedly upheld orders enforcing the payment of both alimony and child support which was more than five years overdue. In the following cases section 685, Code of Civil Procedure, was recognized as the source of the power. (*Harlan* v. *Harlan,* (1908) 154 Cal. 341 [98 P. 32] [child support.] *Saunders* v. *Simms,* (1920) 183 Cal. 167 [190 P. 806] [child support.] *Crowley* v. *Superior Court,* (1936) 17 Cal.App.2d 52 [61 P.2d 372] [child support.].) To these the case of *Hale* v. *Hale,* (1935) 6 Cal.App.2d 661 [45 P.2d 246] should probably be added, not because it mentions section 685 [Code Civ. Proc.) but because of the cases to which it refers. In any event, an order was there approved for an execution to enforce alimony and child support payments which were more than six years delinquent. (See, also, *Parker* v. *Parker,* (1928) 203 Cal. 787, 793 [266 P. 283, 285] and *Radonich* v. *Radonich,* (1933) 130 Cal.App. 250 [20 P.2d 51].) By way of a reply to one of defendant's contentions we quote the two concluding sentences in the opinion of *Saunders* v. *Simms* (*supra,* this paragraph) : ''The original judgment of the court directed the payment of this money to the mother to assist her in the support of the child placed in her custody. Having furnished such support from her own resources she is clearly entitled to recover it in this proceeding in her own name and for her own reimbursement, and the trial court properly disregarded the attempted release by the daughter.''

The defendant further argues that it was an abuse of the court's discretion to make the order appealed from. In her affidavit supporting her motion for execution the plaintiff set forth the endeavors she had made, during the years, to compel the defendant to keep up his payments. Within two years after the entry of the interlocutory decree

she instituted criminal proceedings against him for failure to provide for his daughter, a conviction following. In each of the years 1929, 1932 and 1936, like criminal proceedings were instituted by her, that of 1932 being dismissed on the representation of the defendant that he had no funds, but the other two resulting in judgments of conviction, followed by orders of probation conditioned on the defendant making payments to the plaintiff. Only one execution was issued, close to two years after the entry of the interlocutory decree, but plaintiff "was not able to locate any assets of the [defendant]." During the years 1931-1933 the defendant wrote several letters in which he explained that his remissness in making remittances was due to his financial incapacity. It cannot be said that the trial court abused its discretion in holding these facts sufficiently explained the plaintiff's "failure to proceed in compliance with the provisions of section 681" as section 685 of the Code of Civil Procedure made it incumbent upon her to do. Perhaps we should note that at the time of the hearing of plaintiff's motion defendant's net worth, financially measured, was over $63,000.

The defendant argues also that the trial court had no jurisdiction to make the order from which he appeals. His first contention is that the notice by which the plaintiff initiated the present proceedings was faulty in that it failed to state the grounds upon which the motion was to be made. The first sentence of section 1010, Code of Civil Procedure, requires that "Notices must be in writing, and the notice of a motion, other than for a new trial, must state when, and the grounds upon which it will be made, and the papers, if any, upon which it is to be based." Plaintiff's notice, after stating the motion that was to be made (and when and where) continued: "said motion will be made upon the Affidavit of Plaintiff Grace Shields, also known as Grace Gold, served and filed herewith, upon Section 685 of the Code of Civil Procedure of the State of California, and upon all the records and files in the above-entitled cause," but it did not explicitly state the grounds of the motion, and in this it was at fault. The fault, however, was not a fatal one, for the grounds, as well as the factual bases, clearly appear from the notice and the accompanying affidavit. The grounds in this case are not "nebulous and uncertain" as stated by the defendant; the obvious ground of the motion was that a judgment remained unsatisfied in whole or in part. The

notice was entitled: "Notice of Motion for Order of Court Fixing and Determining Amount for Which Writ of Execution shall Issue and for Order Granting Leave to Issue Execution Under Sec. 685, C.C.P." It was accompanied by plaintiff's affidavit, setting forth the provision for payments, the defendant's failure to pay, and the other matters already referred to. In the premises the purpose of the code provision requiring that the grounds of the motion be set forth was sufficiently served and that is all that the law requires. (*Savage* v. *Smith*, (1915) 170 Cal. 472, 474 [150 P. 353, 354]; *Fink & Schindler Co.* v. *Gavros*, (1925) 72 Cal.App. 688, 691 [237 P. 1083, 1084]; *Hecq* v. *Conner*, (1928) 203 Cal. 504, 506 [265 P. 180, 181].)

On still another ground the defendant takes the position that the trial court had no jurisdiction to make the order appealed from. Referring to the provisions of section 1005, Code of Civil Procedure, he contends that as he was personally served in Kern County with the notice of motion, and at the time had no attorney, the nine days' notice was insufficient; he was entitled to ten days' notice. January 31, 1941, was the day set in the notice for the making of the motion, and on this day, and again on the 6th and 13th days of February, days to which the matter was continued by court orders, the defendant appeared specially to object to the court's jurisdiction not only on the ground that insufficient notice had been given, but also for the reason that the notice of motion did not set forth any ground on which the motion was to be made. When, on February 13, his objection to the court's proceeding had been overruled, the defendant filed his "Answer to application of Plaintiff for Issuance of Writ of Execution" in which he admitted some of the matters alleged in plaintiff's affidavit, denied others, and pleaded the five-year statute of limitations. In addition to this the defendant filed an affidavit in opposition to plaintiff's motion and then took the stand in his own behalf.

It is obvious that defendant's contention is a technical one; as a fact he suffered no whit of prejudice by reason of receiving a nine instead of a ten-day notice of a hearing which finally took place some twenty-two days after he was served. There is no occasion, therefore, to regret that whatever technical advantage he had upon which to stand he lost by taking the step which amounted to a general appearance, that is, his entry into a contest on the merits against

plaintiff's motion. (*Remsberg* v. *Hackney Mfg. Co.,* (1917) 174 Cal. 799, 801 [164 P. 792]; *Jardine* v. *Superior Court,* (1931) 213 Cal. 301, 304 [2 P.2d 756, 79 A.L.R. 291]; *Maple* v. *Walser,* (1933) 131 Cal.App. 631, 634 [21 P.2d 984].)

None of appellant's points have any merit. The order appealed from is affirmed.

Schauer, P. J., and Shinn, J., concurred.