[Civ. No. 12346. First Dist., Div. Two. Apr. 1, 1943.]

JEAN MATHILDA COCHRANE, Appellant, v. AMORY W. COCHRANE, Respondent.

Jean M. Blum for Appellant.

Percy O'Connor and S. F. Holstein for Respondent.

DOOLING, J. pro tem.—This is an appeal from an order denying a motion for a writ of execution to satisfy certain unpaid instalments accruing under a decree of divorce which awarded the custody of a minor child to plaintiff with provision that defendant should pay $35 per month for his support. The greater part of the unpaid support money is for instalments accruing more than five years before the date of the motion. The balance is referable to instalments accruing less than five years before the motion was made.

The appeal is on a typewritten transcript properly certified pursuant to section 953a, Code of Civil Procedure. The transcript contains an affidavit of plaintiff in support of the motion and no counter-showing by defendant. The plaintiff's affidavit sets out the failure to pay certain accrued instalments in whole or in part, specifying the dates of their accrual under the terms of the decree and that plaintiff has frequently demanded their payment.

Execution will issue in a proper case for the enforcement of instalment decrees for alimony or support under section 681, Code of Civil Procedure, pursuant to section 1007, Code of Civil Procedure, which provides: "Whenever an order for the payment of a sum of money is made by a court pursuant to the provisions of this code, it may be enforced by an execution in the same manner as if it were a judgment" (*Van Cleave* v. *Bucher*, 79 Cal. 600, 602-3 [21 P. 954]; *Shields* v. *Shields*, 55 Cal.App.2d 579, 582 [130 P.2d 982]); and, even though the decree was entered over five years before, execution will issue under section 681 for instalments falling due within the five-year period. (*Gaston* v. *Gaston*, 114 Cal. 542, 547 [46 P. 609, 55 Am.St.Rep. 786].) As to instalments accruing over five years before the issuance of execution the writ can only issue under section 685, Code of

Civil Procedure. (*Shields* v. *Shields, supra.*)

■ It is clear that under the recent decisions of the Supreme Court (*Butcher* v. *Brouwer*, 21 Cal.2d 354 [132 P.2d 205]; *Beccuti* v. *Colombo Baking Co.*, 21 Cal.2d 360 [132 P.2d 207]; *Hatch* v. *Calkins*, 21 Cal.2d 364 [132 P.2d 210]) no sufficient showing of diligence was made to justify the issuance of execution under section 685 as to those instalments which fell due more than five years before the motion for issuance of execution was made, and so far as such instalments are concerned, the order of the trial court was plainly correct.

■ The instalments falling due within five years of the date of the motion present a different question. For their satisfaction plaintiff was entitled to execution under section 681. The courts have held that even as to such instalments the issuance of execution may be denied upon a sufficient showing. (*Parker* v. *Parker*, 203 Cal. 787 [266 P. 283]; *Shields* v. *Superior Court*, 138 Cal.App. 151 [31 P.2d 1045].) However, in each of those cases the defendant made a strong counter-showing which was held to establish that it would be inequitable in those cases to allow execution to issue. Here defendant, according to the record on appeal, made no counter-showing. Upon proof that the instalments had accrued within five years and had not been paid, plaintiff prima facie established her right to execution, and the burden was on defendant to establish facts showing that the writ should not issue. This is readily apparent when we recall that the only reason why execution for instalments of alimony not barred under section 681, Code of Civil Procedure, does not issue from the clerk as a matter of course is that in the nature of such decrees subsequent events may make it inequitable longer to enforce them or the instalments may have been paid, and for that reason the defendant should be given notice and an opportunity to make a legal showing before execution issues. The following from 1 Freeman on Executions (3d ed.) 309-310 clearly points this out:

"In suits for divorce, a wife is often awarded alimony not payable in one gross sum, but at stated and frequently recurring periods, and the question has arisen whether the payment of such sums may be enforced by *scire facias* as well as by attachment for contempt. In such a case, it seems clear that execution cannot issue as a matter of course, for it may

be that some contingency has arisen under which she has no longer any right to exact alimony, or it may have been paid as directed in the decree. Some notice ought to be given the party claimed to be in default before any writ is issued against his person or property. The proceeding by *scire facias* is well adapted to giving the requisite notice, and there seems to be no doubt that it is an appropriate and perhaps the exclusive proceeding in such cases.''

The writ of *scire facias* is abolished by section 802, Code of Civil Procedure, and the proceeding by motion for an order that execution issue has taken its place, but the principles applicable to the one would seem to be equally applicable to the other. Upon a showing by plaintiff that a part of the judgment is not barred under section 681, Code of Civil Procedure, and remains unpaid, she is entitled to an order for execution as a matter of right unless the defendant establishes ''that some contingency has arisen under which she has no longer any right to exact alimony.'' Absent such showing execution should issue for such instalments as fall under section 681. The court therefore erred in denying execution for the instalments which fell due within five years of the date of the motion. (*Cf. Atkinson* v. *Atkinson*, 35 Cal. App.2d 705 [96 P.2d 824].)

The order appealed from is reversed.

Nourse, P. J., concurred.

SPENCE, J.—I dissent. The decree of divorce was entered in 1925 and an award of $35 per month was made therein solely for the support of the minor child of the parties. The child attained his majority on April 2, 1940, which was over fifteen years after the entry of the decree. It was not until December, 1940, that plaintiff made her motion for execution to issue for the alleged unpaid instalments. Plaintiff alleged in her affidavit that ''defendant has failed to pay to the plaintiff . . . any monies from May 1931 to April 1934 being a period of 35 months and amounting to the sum of $1,225.00. That from April 1934 to January 1937 defendant paid plaintiff . . . the sum of $25.00 per month being $10.00 per month less than ordered in said decree being in arrears during the above said dates in the amount of $330.00.'' There was no allegation showing any diligence on the part of plaintiff in attempting to enforce the decree at any prior time during the period of alleged delinquency which, accord-

ing to plaintiff's allegations, amounted to almost ten years. Upon the showing made, the trial court denied the motion for execution and it is apparent from the trial court's opinion that the denial was based, at least in part, on the failure of plaintiff to take "timely action."

The questions presented on this appeal are: (1) Was the enforcement of the decree by execution at the time the motion was made a matter of right or a matter which rested in the discretion of the trial court? (2) If enforcement of the decree by execution was a matter which rested in the discretion of the trial court, does it appear upon the record before us that the trial court abused its discretion in denying the motion for execution to issue?

As to the first question, it seems clear that the enforcement of the decree by execution, both as to instalments which accrued within five years prior to the making of the motion as well as those which accrued more than five years prior to the making of the motion, was not a matter of right but was a matter which rested in the discretion of the trial court. (*Parker* v. *Parker*, 203 Cal. 787 [266 P. 283]; *Shields* v. *Superior Court*, 138 Cal.App. 151 [31 P.2d 1045].) This is recognized in *Atkinson* v. *Atkinson*, 35 Cal.App.2d 705 [96 P.2d 824] at page 707, which is the only case which has been called to our attention involving a so-called continuing judgment in which an order denying enforcement by execution has been reversed. But the peculiar circumstances shown by the record in that case justified the holding that the trial court had abused its discretion in denying the motion. It is also recognized in *Shields* v. *Shields*, 55 Cal.App.2d 579 [130 P.2d 982] at page 583, in which case an order granting execution was affirmed.

As to the second question, there appears to be no authority directly in point. However, the recent decisions of the Supreme Court, involving ordinary money judgments, clearly indicate that when enforcement by execution rests in the discretion of the trial court, the one seeking the issuance of execution should be required to make a showing of reasonable diligence in the enforcement of the decree. (*Beccuti* v. *Colombo Baking Co.*, 21 Cal.2d 360 [132 P.2d 207]; *Butcher* v. *Brouwer*, 21 Cal.2d 354 [132 P.2d 205]; *Hatch* v. *Calkins*, 21 Cal.2d 364 [132 P.2d 210].) I believe this is the sound rule to apply in cases involving so-called continuing judgments, for if the rule were otherwise, it would encourage

attempts to enforce by execution many ancient alimony decrees at times when no such enforcement should be permitted. It is no unjust burden upon the one seeking the issuance of execution fifteen years after the entry of a decree and almost ten years after alleged delinquencies commenced to require the making of a showing of reasonable diligence; and when no such showing is made, I believe that the trial court is entirely justified in denying the motion for the issuance of execution.

I am of the opinion that the record before us fails to show that the trial court abused its discretion and that the order denying the issuance of execution should be affirmed.