[L. A. No. 19676.  In Bank.  Apr. 29, 1947.]

ANN L. WOLFE, Respondent, v. MARTIN C. WOLFE, Appellant.

John B. Molenaar for Appellant.

Harry C. Clark for Respondent.

SHENK, J.—This is an appeal by the defendant from an order denying a motion to vacate an order determining the amount due for child support under a final decree of divorce.

The parties married in August, 1925. They had two children, a son and a daughter. The plaintiff wife obtained in the superior court, San Diego County, an interlocutory decree of divorce from the defendant in November, 1931, and a final decree in October, 1933. She was awarded the custody of the children, who were six and five years respectively at the time of the final decree. The interlocutory and final decrees ordered payment by the defendant of the sum of $50 per month for the support of the children.

In September, 1945, the plaintiff made an ex parte application in the same court for an order directing the defendant to pay $2,925 support money. Her affidavit showed that $8,175 had become due, that $3,868 had been paid by the defendant, leaving the sum of $4,307 unpaid. However, she sought only $2,925, which represented $50 per month for the five years immediately preceding the date of her application, less $25 per month for the last three months during which the son, who had attained the age of eighteen years, was in the United States Army. On September 8, 1945, the court entered an order that the plaintiff have judgment against the defendant for the sum of $2,925.

In December, 1945, the defendant noticed a motion to vacate the order of September 8th on the ground that there had been a modification of the support order by the plaintiff's oral agreement to accept $24 per month, and that the sums paid by him had been in full compliance with that agreement; also on the ground that the court had no jurisdiction to make the order without notice to him. Both parties appeared and offered evidence at the hearing on the motion. The court denied the motion and the appeal followed.

The defendant contends that the court had no jurisdiction without notice to determine the amount due and unpaid under the divorce decree which had been entered more than five years prior to the plaintiff's application.

■ Being merely a subsequent step in the same divorce proceeding, the order did not amount to a new judgment (*Doehla* v. *Phillips*, 151 Cal. 488, 496 [91 P. 330]); although it did not expressly direct that execution issue, it was in effect such an order. It was not another judgment in the same (divorce) proceeding redetermining the award for child support, in which event it would be an unauthorized judgment. (*Estate of Hultin*, 29 Cal.2d 825 [178 P.2d 756].) ■ It was an order determining the amount unpaid under an existing judgment for child support, and was treated by the parties and by the court on the motion to vacate as having the same effect as an order directing that execution issue. It was therefore controlled by the code provisions and decisions dealing with the question of when execution may issue.

Section 681 of the Code of Civil Procedure provides that a writ of execution may issue for the enforcement of a judgment at any time within five years after its entry.

It was in 1945, that the plaintiff sought enforcement of the final decree which was rendered in the divorce action in 1933. Her application was therefore filed more than eleven years after entry of the decree.

Section 685 of the Code of Civil Procedure applies generally in the case of the enforcement of a judgment more than five years after its entry. Prior to 1933, under that section the judgment might be carried into execution after the lapse of five years from its entry by leave of court on ex parte order. (*Parker* v. *Parker*, 203 Cal. 787, 793 [266 P. 283], and cases cited.) By amendment in that year (Stats. 1933, p. 2499), the requirement was added that the leave must be obtained upon motion ''and after due notice to the judgment debtor

accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion.''

A decree awarding support, such as in this case, provides for amounts to become due at regular intervals in the future. It has been held that a party to a divorce action is entitled to execution as to unpaid installments of a support award on an ex parte application although the application be made more than five years after entry of the decree, provided the execution be restricted to unpaid amounts falling due within the five years immediately preceding the application (*Lohman* v. *Lohman,* 29 Cal.2d 144 [173 P.2d 657]; *Castle* v. *Castle,* 71 Cal.App.2d 323, 324 [102 P.2d 656]). In *Da Arauje* v. *Rodriques,* 50 Cal.App.2d 425 [123 P.2d 154], it was pointed out that section 685 of the Code of Civil Procedure made provision for the enforcement, by motion and on notice, of a judgment which had been barred by the statute of limitations. The limitation statute has uniformly been deemed not to have run against unpaid installments under a judgment until five years after they have become due. (*DeUprey* v. *DeUprey,* 23 Cal. 352; *Gaston* v. *Gaston,* 114 Cal. 542 [46 P. 609, 55 Am.St.Rep. 786]; *Shields* v. *Superior Court,* 138 Cal.App. 151, 154 [31 P.2d 1045]; *Atkinson* v. *Atkinson,* 35 Cal.App.2d 705, 707 [96 P.2d 824]; *Cochrane* v. *Cochrane,* 57 Cal.App.2d 937, 938 [135 P.2d 714]; *Castle* v. *Castle, supra,* 71 Cal.App.2d at p. 324; see, also, *Yager* v. *Yager,* 7 Cal.2d 213, 218 [60 P.2d 422, 106 A.L.R. 664].) The fact that execution cannot issue against installments until they have become due establishes a basis for the conclusion that, either before or after the 1933 amendment of section 685, notice is not required as to installments which were due and unpaid within five years of the time of the application for execution.

The plaintiff sought no relief as to amounts which became due and remained unpaid during the period more than five years prior to her application. She designated those amounts only which were due and unpaid during five years immediately preceding her application, and the order was similarly restricted. It follows, therefore, that the contention of the defendant that the court was without jurisdiction to enter the order except on notice cannot be sustained.

There remains the question whether the court abused its discretion in denying the motion to vacate the order. By the denial of the motion it was impliedly found and concluded that there had been no modification of the support award by agreement or otherwise; that there was due from the defendant $2,925 as the amount unpaid for support during the five years immediately preceding the plaintiff's application; and that there was no legal or equitable consideration which would bar execution thereon. The defendant urges that the record does not support the findings and conclusions. He asserts many facts which have no bearing on the present inquiry, although they might have been pertinent on a motion for a modification of the support award had such a motion been timely made. There is otherwise no question that the amount specified in the order was due and unpaid if the award was not modified by agreement of the plaintiff. The only evidence introduced by the defendant of such a modification was his testimony that the plaintiff, in a telephone conversation with him shortly after the entry of the interlocutory decree, agreed to take $24 per month instead of the $50 ordered by the court. The plaintiff's testimony that no such agreement existed was supported by evidence from sources which may be said to have been independent and disinterested. There is no contention or showing that the defendant's payments for support were made in such installments and at such times as would evidence the existence of the alleged agreement. The record indicates that the court was justified in concluding that the defendant's assertion of the agreement had no basis in fact.

An abuse of discretion must be affirmatively established. (*Wilder* v. *Wilder,* 214 Cal. 783, 785 [7 P.2d 1032].) The record fails to show such an abuse. Furthermore, the defendant had full opportunity to assert his position on the motion to vacate. (*Doehla* v. *Phillips, supra,* 151 Cal. at 495.)

The order is affirmed.

Gibson, C. J., Carter, J., and Traynor, J., concurred.

SPENCE, J.—I dissent.

The fallacy underlying the majority opinion is found in the assumption therein that the trial court was dealing with a motion to vacate an order directing the issuance of execu-

tion. No order directing the issuance of execution has ever been entered by the trial court and no attempt has been made at any time to obtain such an order for the purpose of enforcing the decree which was entered in 1931.

The essential facts presented in this controversy may be briefly stated. In 1945, plaintiff presented an affidavit which contained the following prayer: ''WHEREFORE, affiant as plaintiff requests that this Court issue its judgment directed against the defendant Martin C. Wolfe, for the sum of $2,925.00 with interest thereon from date of Judgment at the rate of 7% per annum.'' Plaintiff served no notice of any kind and the trial court entered ex parte its judgment which shows on its face that it was based solely upon the affidavit of plaintiff and which reads: ''IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that said plaintiff have Judgment against defendant, Martin C. Wolfe for the sum of $2,925.00 with interest thereon from the date of Judgment at the rate of 7% per annum.'' This judgment was recorded on September 11, 1945, in ''Judgment Book 128 of said Court, at Page 840.'' It is undisputed that defendant had no notice of the application for this second judgment and had no notice of its entry until shortly before he served his notice of motion to vacate said judgment on December 7, 1945. Defendant's motion was based upon numerous grounds including the ground that he had been given no notice of the application for said second judgment and that the court was without jurisdiction to enter the same.

It is therefore apparent that the trial court entered a second judgment in the same action for which no justification can be found in the statutory or case law. It is further apparent from the face of the record that such second judgment was entered ex parte. Such second judgment was therefore void on its face. In our recent decision in *Estate of Hultin,* 29 Cal.2d 825, we said at page 830 [178 P.2d 756] that the order under consideration in that case ''was granted ex parte and was therefore void on its face'' and that ''The trial court . . . had authority to vacate that order on the ground that it was void on its face. (*Olivera* v. *Grace,* 19 Cal.2d 570, 574 [122 P.2d 564, 140 A.L.R. 1328].)'' When a judgment is void on its face, the trial court not only has the authority but it is its duty to vacate such judgment, as such void judgment constitutes what has been termed a ''dead limb upon the judicial tree.'' (*People* v. *Greene,* 74 Cal. 400,

405 [16 P. 197, 5 Am.St.Rep. 448]; see, also, *People* v. *Davis,* 143 Cal. 673, 676 [77 P. 651]; *Estate of Smead,* 12 Cal.2d 20, 25 [82 P.2d 182].)

The majority opinion states that this judgment "did not amount to a new judgment" and that "although it did not expressly direct that execution issue, it was in effect such an order." It concludes that "It was therefore controlled by the Code provisions and decisions dealing with the question of when execution may issue." The entire discussion in the majority opinion is based upon this erroneous assumption. The only authority cited in support of this assumption is *Doehla* v. *Phillips,* 151 Cal. 488, 496 [91 P. 330]. There the appeals were "from an order *directing the enforcement of a judgment* as against appellant and from an order denying a motion to recall the execution and vacate the former order." (Emphasis added.) The order there clearly directed "That the said judgment be revived and enforced . . . in the sum of $518.35, with interest from December 30th, 1891." While there was a further portion of the order fixing the "total amount now due," the order in question appeared upon its face to be essentially an order for enforcement and not a new or second judgment. In fact, the court said on page 496: "As contended by appellant, the lower court had no power without notice to enter a new judgment against him, but we do not read the order made on March 10, 1905, as doing this." In the present case, however, there was no order directing enforcement but there was a second "judgment," which was a judgment in both form and substance, was so designated by name, and was so entered and recorded. The cited case not only does not justify the entry of such second judgment but clearly implies that a second judgment entered without notice would be wholly void. In my opinion, the entire procedure which resulted in the second judgment in the present case was abortive. The trial court should have granted the motion to vacate said second judgment which was entered without notice, and the parties could then have proceeded with some semblance of regularity by presenting their controversy upon an appropriate application seeking an order for the issuance of execution.

For the reasons stated, I am of the opinion that the order denying the motion to vacate the second judgment should be reversed with directions to the trial court to grant said motion.

In view of this conclusion, it appears unnecessary to discuss the case of *Lohman* v. *Lohman,* 29 Cal.2d 144 [173 P.2d 657]. Suffice it to state that the Lohman case is not in point, as it involved not an appeal from a second judgment entered' without notice but an appeal from an order denying ''a motion to enforce the decree,'' which order had been made after notice and hearing.

Edmonds, J., and Schauer, J., concurred.