[L. A. 20375. In Bank. Dec. 15, 1948.]

MARY DI CORPO, Appellant, v. MICHELE DI CORPO, Respondent.

Krag & Sweet and David T. Sweet for Appellant.

W. H. Sullivan and Kenneth K. Scott for Respondent.

TRAYNOR, J.—On April 2, 1931, pursuant to an order to show cause for temporary support in a divorce action, defendant was ordered to pay plaintiff court costs and attorney's fees and $12.50 per week for her support and the support of their two children. On April 27, 1932, plaintiff obtained an interlocutory decree of divorce, which awarded her custody of the children and ordered defendant to pay her $40 per month for their support and maintenance until further order of the court.

In June, 1947, plaintiff moved for the issuance of execution against defendant under section 685 of the Code of Civil Procedure to recover the unpaid balance due under the order pendente lite and the installments of $40 per month due under the interlocutory decree from April 27, 1932, to May 29, 1942. This motion was denied by order entered July 11, 1947. Upon motion of defendant, an order was entered July 21, 1947, recalling an execution previously issued pursuant to section 681 of the Code of Civil Procedure for installments that accrued during the five-year period immediately last past. Plaintiff appeals from both orders.

In her affidavit supporting her motion for the issuance of execution under section 685, plaintiff alleged that $5,361 remains unpaid, that she "has been unable prior to this time to find any property of the defendant in this State which might be applied to the satisfaction of this judgment; that more than five years have elapsed since the entry of said judgment; that there is now in this State property of the defendant subject to execution which may be seized to satisfy this judgment."

Defendant filed an affidavit in opposition to the motion alleging that he paid $306.50 pursuant to the order pendente lite; that subsequently the order to show cause was removed from the calendar; that on July 21, 1931, he and plaintiff through their attorneys entered into a stipulation in which he agreed to withdraw his answer filed in the divorce action and to allow plaintiff to obtain judgment by default; that on the same day he and plaintiff entered into a property settlement by which he agreed to convey all of his interest in the community property to her and she agreed to give him a

credit of $2,200 on account of installments due or to become due by virtue of the order pendente lite; and that he conveyed all of his interest in the community property pursuant to such agreement.

He then alleged that from July 21, 1931, until May 12, 1947, she made no demands on him for payment of accrued installments, although for a number of years after the execution of the agreement ''defendant operated a bakery wagon in the vicinity where plaintiff resided, and sold bakery products on the same street on which plaintiff was residing, and on numerous occasions . . . defendant went to plaintiff's home and asked her to let him see his children, but she would in each instance refuse him admittance to her home, and defendant would only get to see his children at such intervals when they would be playing with other children on the side-walk or in the street''; that although he had been informed many years ago that plaintiff had remarried, he had no knowledge of the interlocutory decree of divorce ordering him to pay $40 per month for the support of the children, since no copy or notice of such an order was ever served on him. Defendant further alleged that on June 11, 1941, he purchased a five-room house, which was then free of encumbrance and valued at approximately $5,000, and is now worth $8,000; and that his deed to this property has been duly recorded in Los Angeles County, and the property has been assessed in his name on the county tax rolls since 1941.

His affidavit finally states that ''failure for more than fifteen (15) years last past to issue or attempt to have execution issued, has greatly prejudiced the rights of this defendant in, that if the plaintiff . . . [had] pressed this defendant for payment, or even caused citation to show cause in contempt proceedings to be issued against this defendant, this defendant would no doubt have made arrangements to pay any delinquencies in monthly installments, but now after he has worked hard for many years last past to accumulate his home, the property heretofore described, and by reason of the fact that some months ago he sustained a severe injury to his back, and is unable to work, to issue and enforce execution against his home, would work great hardship upon him, and would amount to confiscation of his said home. . . . that at the time he entered into the aforesaid property settlement on said 21st day of July, 1931, he had only been in the United States from Italy a few years, and at said time did not understand or speak English very well, and when he entered into

said settlement, and on the same day conveyed all of his title and interest in the community property, he believed that said conveyance was in settlement of all claims of the plaintiff for support and maintenance.''

In a counteraffidavit plaintiff alleged that defendant discontinued the operation of the bakery route before the entry of the interlocutory decree of divorce; that he thereafter stated to her that he had no money with which to support the children; that between defendant's discontinuance of the bakery route and sometime in 1946 she was unaware of the location of his residence or of any property owned by him; that in 1933 she consulted a deputy district attorney of Los Angeles County, who advised her that she would not be able to collect the unpaid installments from defendant unless she could prove that he had an income; and that in reliance upon such advice she did nothing further to satisfy the judgment. She also alleged that in 1944 defendant visited the home of one Milli Costa, to whom he stated that he wanted to know where plaintiff and the children were living so that he might contribute to their support. Finally, she alleged that she did not recall signing a property settlement agreement, but admitted receiving the property that defendant alleged was conveyed to her by virtue of such agreement. The property settlement agreement introduced into evidence reveals that it was not signed by either plaintiff or defendant.

Section 685 of the Code of Civil Procedure provides: ''In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion.'' With respect to installments that have accrued more than five years a judgment creditor must show that he has exercised due diligence during the five-year period in attempting to locate property owned by the debtor. (*Lohman* v. *Lohman*, 29 Cal.2d 144, 148-149 [173 P.2d 657] ; *Butcher* v. *Brouwer*, 21 Cal.2d 354, 358 [132 P.2d 205] ; *Beccuti* v. *Colombo Baking Co.*, 21 Cal.2d 360, 363 [132 P.2d 207] ; *Hatch* v. *Calkins*, 21 Cal.2d 364 [132 P.2d 210] ; *Atkinson* v. *Atkinson*, 35 Cal.App.2d 705, 707 [96 P.2d 824].) ''And

even though the creditor may have satisfied the court that he has proceeded with due diligence to enforce his judgment under section 681, the court may still deny him its process if the debtor shows circumstances occurring subsequent to the five-year period upon which, in the exercise of a sound discretion, it. should conclude that he is not now entitled to collect his judgment.'' (*Butcher* v. *Brouwer, supra,* 21 Cal.2d 354, 358.) ■ Whether or not a creditor has exercised due diligence is for the trial court to determine in its discretion, and its determination will not be disturbed in the absence of a clear abuse of discretion. (*John P. Mills Org.* v. *Shawmut Corp.,* 29 Cal.2d 863, 865 [179 P.2d 570]; *Beccuti* v. *Colombo Baking Co., supra,* 21 Cal.2d 360, 363; *Atkinson* v. *Atkinson, supra,* 35 Cal.App.2d 705, 707; *McClelland* v. *Shaw,* 23 Cal.App.2d 107, 109 [72 P.2d 225].)

■ The question arises, therefore, whether the trial court abused its discretion in denyng the motion for the issuance of execution as to installments that have accrued more than five years from the date of the motion. Although plaintiff alleged that ''she has been unable . . . to find any property of the defendant,'' her affidavits do not show what efforts were made to determine where defendant lived after 1932 or to locate any property owned by him. She has failed to set forth facts from which the trial court might conclude that she had exercised due diligence in locating defendant's property. She admits that she took no further steps to collect the judgment after a deputy district attorney advised her that she could not collect it unless defendant had an income. Upon the basis of this advice she should have made investigations to determine whether defendant had any income or property. Moreover, as appears from defendant's affidavit, he has owned real property in Los Angeles County since 1941. It has been assessed in his name since that date, and an examination of the tax assessor's records would have disclosed his ownership thereof.

■ Plaintiff contends that the children should not be punished because of her lack of diligence. Since, however, she has presumably supported the children out of her own funds since 1931, she is seeking, not funds for the current support of the children, but reimbursement for funds she has already expended for their support. (See *Saunders* v. *Simms,* 183 Cal. 167, 171 [190 P. 806].) Her lack of diligence in enforcing the unpaid judgment is determinative. (See *Cochrane* v.

*Cochrane*, 57 Cal.App.2d 937, 939 [135 P.2d 714]; *Shields*
v. *Shields*, 55 Cal.App.2d 579, 583 [130 P.2d 982]; *McNabb*
v. *McNabb*, 47 Cal.App.2d 623, 627 [118 P.2d 869]; *Radonich*
v. *Radonich*, 130 Cal.App. 250, 255 [20 P.2d 51].)

The right to obtain execution upon installments that
have accrued within five years of the date of the application
for the writ is governed by section 681 of the Code of Civil
Procedure, and rests upon different principles. This section
provides: ''The party in whose favor judgment is given may,
at any time within five years after the entry thereof, have a
writ of execution issued for its enforcement.'' A writ of exe-
cution will issue under the foregoing section as a matter of
right upon installments accruing within the five-year period
on an ex parte application by the judgment creditor merely
showing that such installments remain unpaid. (*Wolfe* v.
*Wolfe*, 30 Cal.2d 1, 4 [180 P.2d 345]; *Lohman* v. *Lohman*,
*supra*, 29 Cal.2d 144, 150.)

Thus, upon proof by plaintiff that installments have
accrued within five years, the burden was upon defendant to
establish facts justifying an order recalling the writ. We
have concluded that defendant did not make a sufficient show-
ing entitling him to recall the writ of execution upon install-
ments in the amount of $2,400, which have accrued within
five years. In his affidavit in support of the motion for the
recall of execution he made allegations substantially similar
to those contained in his affidavit in opposition to plaintiff's
motion under section 685. He also alleged that the children
are boys, aged 17 and 18, and are capable of earning their own
support, and that in view of the injury to his back he is unable
to work and support himself, and that to permit execution on
his home would compel him to become a public charge of
the county and state.

The fact that his home, currently valued at $8,000, or $5,600
more than the amount of the accrued installments for which
the writ issued, has been unencumbered since 1941 shows
clearly that since his injury he has had other means of sup-
porting himself. Defendant contends that to compel him to
surrender a part of the property that he has acquired after
many years of hard work will be highly inequitable. He was
able to acquire this property, however, by disregarding his
obligation to support his children so that the burden of their
support fell upon plaintiff.

The order denying the motion for the issuance of execution
pursuant to section 685 is affirmed. The order granting

defendant's motion to recall execution issued pursuant to section 681 is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., and Carter, J., concurred.

SPENCE, J.—I concur in the affirmance of the first order but dissent from the reversal of the second. It appears to me that the District Court of Appeal correctly determined, under the majority view in *Lohman* v. *Lohman*, 29 Cal.2d 144 [173 P.2d 657], that the trial court was justified in recalling the writ of execution previously issued (*Di Corpo* v. *Di Corpo*, 85 A.C.A. 728, 193 P.2d 963) ; but in any event, I still adhere to the views expressed in my dissenting opinion in the Lohman case. I do not believe that plaintiff was entitled as a matter of right to the issuance of execution in 1947, for any alleged unpaid installments which may have accrued upon the interlocutory decree which was entered in 1932. On the contrary, I believe that the question of whether execution should have issued and the question of whether the writ of execution previously issued should have been recalled were matters within the discretion of the trial court. In my opinion, both orders should be affirmed as the record shows no abuse of discretion.

Schauer, J., concurred.