[S. F. No. 11841.   In Bank.—January 11, 1928.]

W. A. KRANER, Appellant, v. SNOW MOUNTAIN WATER AND POWER COMPANY (a Corporation), Respondent.

Edgar C. Chapman for Appellant.

Max Thelen, Benjamin C. Jones, Thelen & Marrin and Pillsbury, Madison & Sutro for Respondent.

LANGDON, J.—This is an appeal from a judgment entered on an order dismissing, for delay in prosecution, an action to foreclose a mechanic's lien. The action was filed by the original contractor and the order dismissing it was made under the authority and discretion vested in the trial court by statute. The only question presented by the appeal is whether or not the judge of the superior court abused the discretion vested in him by the following language from section 1190 of the Code of Civil Procedure: "and in case such proceedings be not prosecuted to trial within two years after the commencement thereof, the court may, in its discretion, dismiss the same for want of prosecution."

It is admitted that there was a failure to prosecute the action for the period mentioned by the statute. The affidavits presented on the hearing of the motion to dismiss are conflicting as to certain matters which would enter into the exercise of discretion in the determination of the motion and we must accept the matters appearing in the record which are most consonant with the action taken by the trial court. It is unnecessary to review these matters herein; they involve a disputed agreement for extension of time

and a discussion of prior litigation between the parties hereto and others.

The parties have argued rather extensively in their briefs the force and effect of the issues, findings, and judgment in this prior proceeding. While a conclusion upon that question is not determinative of the order we are reviewing, the respondent presents its views thereon for the purpose of showing that the appellant has had his day in court upon the merits of the controversy between the parties and that this consideration properly entered into the action taken by the trial court upon the motion to dismiss the present action. The appellant, on the other hand, argues that the judgment in the former action does not make the issues presented here *res judicata*. We are not called upon to determine this collateral question. ■ The plaintiff, having failed to prosecute his action within the time allowed by the statute, the trial court was invested with the discretion to dismiss the action and nothing less than an affirmative showing of appellant of an abuse of such discretion would justify this court in substituting its judgment for that of the trial judge upon this motion.

The judgment is affirmed.

Preston, J., Shenk, J., Richards, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.