[Civ. No. 11875. First Dist., Div. Two. Oct. 6, 1941.]

ESTELLE JAEGEL, Appellant, v. JOSEPH R. JACQUES, as Executor, etc., Respondent.

Philip S. Ehrlich, Albert A. Axelrod and Julien R. Bauer for Appellant.

Charles A. Christin and T. J. Keegan for Respondent.

DOOLING, J. *pro tem.*—Plaintiff, after the death of the original defendant, made a motion to set aside an interlocutory decree of divorce on the ground of extrinsic fraud. From an order denying her motion plaintiff appeals.

The motion was submitted on an affidavit of appellant and the oral testimony of Wm. T. Eckhoff who appeared as appellant's attorney in procuring the interlocutory decree.

It is appellant's position that the uncontradicted evidence contained in her affidavit establishes without conflict that her husband forced her against her will to procure the divorce, instructed her to employ his attorney in connection therewith and took advantage of this situation to impose upon her an unfavorable property settlement agreement. It is true that as to the incidents alleged in appellant's affidavit to have occurred between her husband and herself with no third person present there is no express contradiction in the record, and this must be so because at the time of the motion the husband was no longer living.

There are however substantial conflicts between material facts set out in the affidavit and as testified to by Mr. Eckhoff. He testified that he had never been the husband's attorney although he had acted as attorney for other members of his family; that on January 2, 1940, the husband requested him to act as his attorney in procuring a divorce from appellant and that he refused to do so because the husband wished to make charges which would stigmatize appellant unnecessarily and his corroboration seemed very slight; that two or three days later appellant called on him at his office and told him that she wanted to get a divorce and wanted him to get it for her; that she had discussed it with her husband and as long as Mr. Eckhoff knew all the facts she wanted him to represent her; that they made an appointment to meet with the husband on January 8, 1940, at which time the property rights of the parties were discussed and an agreement reached

between appellant and her husband; that pursuant to the arrangement arrived at Mr. Eckhoff prepared a property settlement agreement which was signed the next day; that the husband agreed orally in the conversation of January 8 to pay Mr. Eckhoff's fee and that after the divorce the husband was sent a bill for $225 which he paid.

Appellant's affidavit recites that on her first visit to Mr. Eckhoff's office she advised him that she did not want to get a divorce and that she had no grounds for divorce; that Eckhoff attempted to persuade her to get a divorce and then made arrangements for the meeting with her husband; that at this meeting she repeated that she did not want a divorce and that Eckhoff persuaded her to agree to get one by suggesting that the husband was ill and his illness might be aggravated by her refusal.

It will be seen from this brief recital that there is a flat conflict on the material question of whether Eckhoff persuaded appellant against her wishes to sue for divorce or appellant told Eckhoff that she wanted a divorce and employed him for that purpose. To point the conflict we quote the following from Eckhoff's testimony:

"She said she wanted the divorce, and I asked her what the grounds were that she was complaining of, and she told me, generally."

In view of this conflict on a material matter the trial judge, if he believed Eckhoff's version, as we must assume in support of his order, could find that appellant had willfully sworn falsely to a material fact. If he so found he was entitled to disbelieve her affidavit *in toto*. The Supreme Court said in *Estate of Friedman*, 178 Cal. 27, 32 [172 Pac. 140]:

"If it can be fairly said that these witnesses willfully swore falsely as to any material fact, the court was justified in rejecting their whole testimony. (Code Civ. Proc., sec. 2061, subd. 3.) . . . If this testimony was willfully false and·material, or if the trial court was justified in arriving at the conclusion that it was willfully false, then the testimony of these witnesses might have been entirely disregarded, and we are not required to consider whether or not the court had the power arbitrarily to reject the testimony of a witness."

■ Taking Mr. Eckhoff's testimony as true he honestly represented appellant at her solicitation and was not then nor ever had been the attorney for the husband. That appellant is disappointed with what he procured for her by way of property settlement or that some other lawyer might have procured more would not justify the setting aside of the decree.

■ The claim that her husband coerced and overreached her while no one else was present rests on her uncorroborated affidavit which the court was privileged to disbelieve.

The fact that Eckhoff collected a fee from the husband after drawing a property settlement agreement waiving appellant's right to collect an attorney's fee from her husband in the event of her bringing an action for divorce was explained in Eckhoff's testimony by the fact that this was pursuant to an oral agreement made by the husband in appellant's presence.

Some complaint is made of certain comments of the trial judge at the time the motion was being heard before him. No error in any ruling is claimed and we need not concern ourselves further on this appeal than to find that the order made is supported by the evidence.

The order appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing was denied November 5, 1941, and appellant's petition for a hearing by the Supreme Court was denied December 1, 1941.