[Civ. No. 6783.   Third Dist.   Feb. 23, 1943.]

GEORGE M. TERRILL, Respondent, v. J. P. SHEPHERD et al., Defendants; JESS T. FORSYTH, as Administrator, etc., Appellant.

Harry T. Kyle for Appellant.

J. N. De Meo for Respondent.

HAWKINS, J. pro tem.—This is an appeal from an order granting leave to enforce a judgment after five years under the provisions of section 685 of the Code of Civil Procedure.

The motion was presented and submitted in the trial court upon two affidavits.

The affidavit of J. N. De Meo, on behalf of respondent, alleges:

"1.   That H. W. A. Weske, attorney at law, was the attorney for the plaintiff in the above entitled action in all the proceedings had therein until the date of death of said H. W. A. Weske on August 29, 1939.

"2.   That at all times during the proceedings had in the within matter, J. N. De Meo was associated with and assisted H. W. A. Weske in the proceedings had herein to the date of death of said H. W. A. Weske, and following the decease of said H. W. A. Weske, was engaged and now is engaged as the attorney for plaintiff in the within action.

"3.   That heretofore, to-wit: on the 29th day of March, 1934, judgment was rendered against F. A. Forsyth, now deceased, in the sum of $2806.50, with interest thereon at the rate of 7% per annum from March 29, 1934, until paid; that to the date of the death of said H. W. A. Weske, he was entrusted with the collection of the said judgment and that during all such times said J. N. De Meo, affiant herein, was familiar with the actions of said H. W. A. Weske in connection with the said judgment, and that from the date of rendition of said judgment to the said death of H. W. A. Weske, said affiant at the instance and direction of said H. W. A. Weske did search the records of the County of Sonoma to determine whether there were any assets belonging to the said defendant, F. A. Forsyth, subject to execution; and that affiant was unable to find any such assets. That the plaintiff herein from time to time made inquiry of said H. W. A. Weske and affiant of the whereabouts of the said judgment debtor and whether the records of this county showed any assets subject to execution belonging to said judgment debtor and that upon the reception of said inquiries the said H. W. A. Weske and affiant would search said records for property belonging to said judgment debtor and have at all times been unable to find property upon which execution may be levied.

"4.   That since the decease of said H. W. A. Weske, said

J. N. De Meo has further searched the records of the said County of Sonoma and has been unable to find assets belonging to the said judgment debtor until the decease of said F. A. Forsyth.

"5. That affiant is familiar with all proceedings had herein from the rendition of said judgment to the present date and that affiant avers that no execution was issued under said judgment for the reason that the issuance and levy of such execution would have been a futile act. That said H. W. A. Weske and affiant have used diligent efforts to discover any assets of said judgment debtors and were left in sole charge of the collection of said judgment, and that at all times herein mentioned, the plaintiff herein was a resident of the City and County of San Francisco and ill and unable to personally conduct an investigation of the possible assets of said defendants and to the knowledge of affiant has caused one A. A. Moran to endeavor to locate the said judgment debtors and any assets they may have subject to execution; and that said A. A. Moran has made inquiries in connection with the same, but has been unable to discover any assets of said judgment debtors or either of them subject to execution.

"6. That the said judgment together with interest thereon as rendered herein remains wholly unpaid and that the sum of $2806.50 with interest thereon at the rate of 7% per annum from March 29, 1934, until paid, is due and unpaid to the plaintiff.

"7. That affiant is informed and believes and therefore states upon information and belief that at the time of the rendition of said judgment and almost continuously since then the said F. A. Forsyth, deceased, has been absent from the County of Sonoma where said judgment was rendered."

The affidavit of Jess T. Forsyth, on behalf of appellants, alleges:

"That he is the duly appointed, qualified and acting administrator of the estate of Frederick Allen Forsyth, deceased, and further states as follows:

I.

"In 1934 plaintiff brought action against J. P. Shepherd and F. A. Forsyth for a balance claimed to be due for services rendered. No service was had upon Shepherd and the action marched to trial and judgment against Forsyth in Sonoma County on April 2, 1934. Plaintiff was then and ever since has been and is now a duly licensed and practic-

ing physician in the City of San Francisco, fifty miles away. Forsyth, who was then a resident of Bakersfield, California, was unable to be present at the trial owing to the serious illness of his wife, who shortly thereafter died. No notice of the entry of this judgment ever was served upon Forsyth or upon his attorneys.

## II.

"No writ of execution ever was issued for the enforcement of this judgment, and no steps of any kind were taken to proceed in compliance with the provisions of Section 681 of the Code of Civil Procedure, and no steps ever were taken to require the judgment debtor to answer concerning his property.

## III.

"Forsyth was a resident of California at the time of entry of the judgment and remained continuously a resident of the state from that time until his death. He died intestate on March 9, 1941, leaving him surviving as his sole heir his son, F. A. Forsyth, Jr., who is entirely without means and is dependent upon his earnings as a laborer. During all of period. from judgment until death, Forsyth's mother and brother and numerous close relatives resided in Santa Rosa, Sonoma County, the place where said judgment was entered. All of them knew where he resided, and any of them could have furnished his address to the judgment creditor if he had seen fit to make such inquiry. Furthermore the judgment debtor was a resident of said Santa Rosa, residing at 819 Third Street, in said city, continuously during all or nearly all of the years 1938 and 1939. During all of the time from the date of the entry of said judgment until the date of his death in 1941 no demand ever was made upon him by the judgment creditor or by any one in the creditor's behalf for payment of said judgment, and there is nothing in the record to show that the judgment ever was brought to his attention.

## IV.

"On June 23, 1937, the judgment debtor became the owner of an undivided one-half as joint tenant of a promissory note of A. H. Dukes for $10,500.00, secured by trust deed upon real estate in Sonoma County, California, as described in book 380 of official records of said Sonoma County at page 19 thereof, and he remained the owner thereof until

his death. The maker of said note was and is solvent and the security adequate, and at all of said times the interest therein so acquired by said judgment debtor was of the value of $4250.00 and more, being approximately twice the amount of the said judgment. The assignment of said note and trust deed was placed on record in said county on January 26, 1940, in book 494 of official records at page 84 thereof.

### V.

''On June 23, 1937, the judgment debtor became the owner of an undivided one-half as joint tenant of a promissory note of George J. Reading for the sum of $4000.00 and interest, payment of which note was secured by trust deed upon real estate in said Sonoma County described therein, which was recorded in book 428 of official records of said Sonoma County at page 225, and he remained the owner of said interest in said promissory note from said last mentioned date until the 17th day of February, 1940, at which time he became the sole owner thereof as hereinafter stated. The assignment of said note and trust deed was duly recorded in the office of the county recorder of said county on January 26, 1940, in book 494 of official records at page 83.

''On February 17, 1940, decedent became the sole owner of said last mentioned promissory note and remained the owner thereof until his death. The assignment of said promissory note to decedent was duly recorded in the office of the county recorder of said Sonoma County on February 19, 1940, in book 493 of official records at page 397 thereof.

''No part of the sum evidenced by said promissory note ever was paid, and the same remained payable to decedent at all the times from the date of said assignments last above mentioned until his death, and at all times the said promissory note was of the full value of $4000.00 and interest. Now it constitutes the principal part of the Forsyth estate.''

■ As grounds for reversal appellant asserts:

1. That the affidavit of respondent did not set forth sufficient reasons for his failure to proceed in compliance with the provisions of section 681 of the Code of Civil Procedure;

2. That the trial court abused its discretion in granting plaintiff's motion. As these two grounds are inseparably connected, they will be treated together.

Respondent's affidavit, though lacking in detail, appears to us to be sufficient. It indicates about the usual procedure that

would be taken in the average law office to collect a judgment where the records revealed no assets belonging to the judgment debtor. Extreme diligence is not demanded nor is there anything in the law which requires the judgment creditor to institute proceedings supplemental to execution to compel the judgment debtor to appear in court to answer concerning his property.

■ Respondent has contended that it was not necessary to file affidavits showing reasons for his failure to proceed under section 681 of the Code of Civil Procedure, and that notwithstanding any imperfections in such affidavits or even the entire absence thereof the granting of the order was within the sound discretion of the court. As authority for his contention he has cited *Butcher* v. *Brouwer,*■ (Cal.App.) [121 P.2d 800], and *Peers* v. *Stoll,* 32 Cal.App.2d 511 [90 P.2d 119]. In view of recent decisions by the Supreme Court of this state, respondent's position in this contention is not tenable. (*Butcher* v. *Brouwer,* 21 Cal.2d 354 [132 P.2d 205]; *Beccuti* v. *Colombo Baking Co.,* 21 Cal.2d 360 [132 P.2d 207]; *Hatch* v. *Calkins,* 21 Cal.2d 364 [132 P.2d 210].)

■ Appellant suggests that a court of equity should have refused to grant relief in this case because respondent has an adequate remedy at law, and he also invokes the aid of the doctrine of laches.

During the life of the judgment, the judgment debtor had assets, but he concealed them from respondent until the statute of limitations had run. Under these circumstances, while it is true that respondent had a remedy at law, we can scarcely agree that it was adequate, nor do we see how a court of equity could hold that respondent was guilty of laches in failing to take action when he had every reason to believe that his efforts would have been futile.

Appellant complains of the injustice done to the heirs of decedent judgment debtor and urges that respondent, by appropriate action might have levied upon the subsequently lost joint-tenancy property of said judgment debtor in his lifetime and thus could have preserved the remaining property for his estate. It is sufficient answer to this to inquire why, if decedent was interested in preserving his estate for his heirs,

he took the property in joint tenancy in the first place, or why, having done so, he did not take steps to convert his joint tenancy interest into an inheritable estate before it was lost by his demise.

We find no abuse of discretion by the trial court.

The order is affirmed.

Thompson, J., and Adams, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 22, 1943.