[L. A. No. 19933.  In Bank.  Apr. 22, 1947.]

JOHN P. MILLS ORGANIZATION, INC. (a Corporation), Plaintiff, v. SHAWMUT CORPORATION (a Corporation) et al., Defendants.  JOHN P. MILLS, Appellant, v. GEORGE CUNNINGHAM, Respondent.

A. G. Reily and W. R. Law for Appellant.

I. Henry Harris, Jr., and Marvin Wellins for Respondent.

GIBSON, C. J.—Eighteen years after the entry of judgment, plaintiff moved for issuance of execution against defendant Cunningham under section 685 of the Code of Civil Procedure. The motion was supported by affidavits stating that since entry of the judgment the creditor and its agents, including skilled private investigators, had been persistent, extremely diligent, regular and unceasing in their efforts to locate assets subject to levy, but that none had been discovered until shortly before the motion. It was asserted that the debtors were ''clever and learned in the art of covering assets,'' and that proceedings in aid of execution were not resorted to because of fear that such action would serve to notify the debtors that their acts of evasion should be more guarded.

In opposition to the motion, defendant filed an affidavit stating that the judgment was rendered against him and others as stockholders of a corporation in which he owned one share of stock and held title to 45,000 other shares solely as trustee. It is asserted by defendant that plaintiff's officer assured him that no effort would be made to collect the judgment against him, and he states that, had he not received such assurance, he would have undertaken to collect the amount of his liability from his principals. Defendant is 80 years of age, and he claims that he will be seriously prejudiced if plaintiff is allowed to enforce the judgment against him at this late date because he can no longer recall the identity of his principals, their whereabouts are unknown to him, and any action against them would be barred by the statute of limitations. Defendant further states that he never made any attempt to conceal his assets, that he has maintained a bank account since 1912, and has rented a safe deposit box since 1901, and ever since entry of the judgment he has had amounts on deposit in the account and cash and bonds in the safe deposit box which, if applied, would have substantially reduced the amount of the judgment against him.

Plaintiff has appealed from an order denying issuance of execution.

A judgment creditor seeking to enforce his judgment more than five years after its entry must show, by affidavit, that he exercised reasonable diligence to enforce his judg-

ment during the statutory period in which he might have obtained a writ of execution as a matter of right. (*Butcher* v. *Brouwer*, 21 Cal.2d 354 [132 P.2d 205]; *Beccuti* v. *Colombo Baking Co.*, 21 Cal.2d 360 [132 P.2d 207]; *Hatch* v. *Calkins*, 21 Cal.2d 364 [132 P.2d 210].) ■ Whether he exercised such diligence is for the trial court to determine in its discretion, and its decision upon conflicting affidavits will not be disturbed. (*Beccuti* v. *Colombo Baking Co., supra; cf. Kraner* v. *Snow Mountain W. & P. Co.*, 203 Cal. 126, 127 [262 P. 1094].) ·

■ In the present case defendant's affidavit contradicted or cast doubt upon every material fact asserted by the judgment creditor. It disclosed that at all times defendant possessed assets, consisting of money in a bank account and money and bonds in a safe deposit box, which he made no attempt to conceal and which would have at least partially satisfied the judgment. No demand was ever made upon defendant for payment of the judgment and no effort was ever made by examination in supplementary proceedings to discover his assets. Under these circumstances it does not appear that the trial court abused its discretion in denying the motion.

■ There is a further reason why the order should be affirmed. We have held that "even though the creditor may have satisfied the court that he has proceeded with due diligence to enforce his judgment under section 681, the court may still deny him its process if the debtor shows circumstances occurring subsequent to the five-year period upon which, in the exercise of a sound discretion, it should conclude that he is not now entitled to collect his judgment." (*Butcher* v. *Brouwer*, 21 Cal.2d 354, 358 [132 P.2d 205].) Defendant's reliance on the assurance that the judgment would not be enforced against him, the failure to make any demand on him for payment of the judgment, the lapse of time and change in his position in relation to his principals, and the prejudice resulting therefrom, were sufficient to bring the case within this rule.

The order is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.