[Civ. No. 16503.   Second Dist., Div. Two.   Nov. 17, 1948.]

O. R. TUCKER, Plaintiff; MAURICE ROSE, Appellant, v. HUDSON D. WILCOX et al., Respondents.

Alexander L. Oster for Appellant.

Roy C. Kaiser for Respondents.

McCOMB, J.—This is an appeal from an order denying plaintiff's application for the issuance of a writ of execution pursuant to section 685, Code of Civil Procedure, after five years had elapsed from the date of the entry of judgment in plaintiff's favor.

The record discloses that judgment was entered against defendants February 14, 1933, for the sum of $8,925.26, and in favor of plaintiff's assignor. On October 30, 1947, plaintiff filed an affidavit seeking the issuance of an execution pursuant to the provisions of section 685 of the Code of Civil Procedure. On November 25, 1947, this application was denied.

This is the sole question presented for our determination:

*Did the trial court abuse its discretion in denying plaintiff's application for the issuance of an execution pursuant to the provisions of section 685 of the Code of Civil Procedure?*

This question must be answered in the negative. From affidavits presented to the trial court the trial judge impliedly found, supported by substantial evidence, and such findings are binding upon this court, that defendants had lived in Long Beach during the years 1931, 1932, and 1933; owned real property in such city; maintained a bank account in Long Beach, owned automobiles which were registered with the California Motor Vehicle Department; that defendant Hudson D. Wilcox had been employed by the Douglas Aircraft Company at Long Beach during the years 1943 and 1945; and that defendant Opal R. Wilcox had been employed in Long Beach since 1933. It was likewise admitted that defendants were listed in the Long Beach city directory.

The law is established that a judgment creditor seeking to enforce judgment after five years have elapsed from the date of entry of the judgment must show by affidavit that he has exercised reasonable diligence in attempting to enforce his judgment during the first five years. (*Beccuti* v. *Colombo Baking Co.*, 21 Cal.2d 360, 363 [132 P.2d 207] ; *John P. Mills Org. v. Shawmut Corp.*, 29 Cal.2d 863, 864 [179 P.2d 570].)

It is also settled that whether a judgment creditor has exercised reasonable diligence is for the determination of

the trial court whose discretion exercised upon conflicting affidavits will not be disturbed on appeal. (*John P. Mills Org. v. Shawmut Corp., supra,* p. 865.)

Applying the foregoing rules to the facts of the instant case it is apparent that the findings of fact set forth above, which were supported by substantial evidence in the conflicting affidavits on file, sustained the conclusion that plaintiff had not exercised reasonable diligence in endeavoring to locate property of defendants from which to satisfy the judgment during the first five years of its existence. Therefore the order of the trial court will not be disturbed.

The order is affirmed.

Moore, P. J., and Wilson, J., concurred.