[Civ. No. 13848. First Dist., Div. Two. May 4, 1949.]

LOUIS YUAN, Respondent, v. ARTHUR PING, Appellant.

Eugene H. O'Donnell and Ralph Bancroft for Appellant.

Ben K. Lerer and F. R. Leuenberger for Respondent.

DOOLING, J.—Defendant Ping presents this appeal from an order directing execution to issue against him under Code of Civil Procedure, section 685. The judgment was entered on May 14, 1932, and the order for execution was made on December 26, 1947.

An amended affidavit made by plaintiff and respondent in support of his motion shows the following: Immediately after rendition of judgment respondent made demand on appellant for payment and appellant stated that he was without means or assets to satisfy the judgment but promised to pay it as soon as he acquired any money. Not satisfied with appellant's statement that he was without assets respondent then employed a person to investigate the financial responsibility of appellant and to examine the records of the San Francisco tax assessor's office (that being the place in which the parties both resided and in which the judgment was secured) to determine whether respondent had any leviable assets. After several weeks this person informed respondent that no assets or property belonging to appellant had been discovered. Upon receiving this report respondent again sought out appellant, reiterated his demand for payment of the judgment and was again told that appellant was without

funds or property to satisfy it. Shortly thereafter and still in 1932 appellant vacated his offices in San Francisco without leaving any forwarding address or informing respondent where he was going. Both parties are Chinese and had been residents of San Francisco's Chinatown and after appellant's disappearance respondent made frequent inquiries of residents of Chinatown and acquaintances of respondent as to appellant's whereabouts and whether he had any assets known to them and was informed by many of appellant's acquaintances and disinterested persons that appellant had left San Francisco and gone to China to remain there permanently and that they knew of no property belonging to appellant. Thereafter, and from time to time, respondent would rediscover appellant in San Francisco and renew his demands for the payment of his judgment. Respondent made it a practice to examine the telephone directory of San Francisco and appellant's name did not appear in the directory during the entire period after he vacated his place of business in 1932. Respondent is advanced in years with a limited knowledge of the English language and totally unfamiliar with the procedure of discovering assets of record. Four years before the lant told him that he had been away for many months at a affidavit was made respondent again met appellant and appeltime in Honolulu where he was maintaining a residence and was employed and that he was returning to Honolulu immediately. Respondent at that time endeavored to discover whether appellant had brought any property or assets to San Francisco but discovered none. Respondent did not know or discover any assets of appellant until a few months past when he was informed by a friend that appellant had a restaurant and certain other assets in Oakland.

Appellant presented an affidavit contradicting respondent's affidavit in many particulars. Appellant claimed in his affidavit to have been openly engaged in various employments in and around San Francisco from the time of entry of the judgment with his name listed in the English and Chinese telephone books for San Francisco at a residence in Chinatown until March 1, 1943, when he removed to Oakland and purchased a grocery with his wife. He admitted being out of San Francisco and in China from January, 1933, to July, 1934, and again from December, 1939, to July, 1940. He denied that respondent had ever spoken to him after the entry of the judgment or demanded its payment and that he had ever promised to pay it. He made no showing that at any time

before his removal to Oakland he had any leviable property or assets except for the following: "that since 1932 your affiant has been the owner of several automobiles, all of which have been registered in his name with the Department of Motor Vehicles of the State of California."

It is now settled that Code of Civil Procedure, section 685, authorizes the court "to give a creditor an execution only if, during the five years following entry of judgment, he exercised due diligence in locating and levying upon property owned by the debtor, or in following available information to the point where a reasonable person would conclude that there was no property subject to levy within that time." (*Butcher* v. *Brouwer,* 21 Cal.2d 354, 358 [132 P.2d 205].)

Addressing ourselves to the critical first five years after the entry of judgment we must assume that all conflicts in the evidence were resolved in favor of respondent. So assuming it appears that immediately after entry of judgment respondent personally demanded of appellant that he pay the judgment and on being told that appellant had no money or property with which to do so employed a person to search the records to discover whether appellant owned any leviable property. Upon being informed that no leviable property had been located respondent again personally demanded payment of the judgment by appellant and received the same reply. Shortly following the second demand appellant abandoned his place of business and departed for China where he remained for one year and a half. When appellant returned from China in July of 1934 he did not open another place of business and a search by respondent showed that his name did not appear in the San Francisco telephone books. Respondent inquired of various persons in Chinatown and was informed by them that appellant had removed from San Francisco permanently and was living in China and that they knew of no property or assets belonging to him.

"Each case must be judged upon its own facts; the discretion in such matters is with the trial court, not the reviewing court." (*Helvey* v. *Castles,* 73 Cal.App.2d 667, 674 [167 P.2d 492]; *John P. Mills Org.* v. *Shawmut Corp.,* 29 Cal.2d 863, 865 [179 P.2d 570].) The plaintiff is bound only to use due or reasonable diligence, not extreme diligence (*Troendle* v. *Clinch,* 74 Cal.App.2d 480, 484 [169 P.2d 55]; *Long* v. *Long,* 76 Cal.App.2d 716, 721 [173 P.2d 840]) nor is it necessary that he institute proceedings supplemental to execution

for the examination of the debtor (*Terrill* v. *Shepherd,* 57 Cal.App.2d 290, 295 [134 P.2d 491]). It is also material to determine whether in fact the judgment debtor was possessed of leviable property during the five-year period which reasonable diligence would have discovered. (*Beccuti* v. *Colombo Baking Co.,* 21 Cal.2d 360, 363 [132 P.2d 207].) No such showing was made. The reference to automobiles owned by appellant would be true if he owned no automobile until after his removal from San Francisco to Oakland in 1943. The trial court was entitled to so assume in the face of the failure of appellant's affidavit to contain any specific statement of the dates at which the automobiles were owned by him. In fact the trial court might disbelieve the statement entirely in view of the impeachment of other testimony in appellant's affidavit by flatly contradictory assertions in the affidavit of respondent which we must assume that the trial court believed. (*Young* v. *Tassop,* 47 Cal.App.2d 557, 561-562 [118 P.2d 371]; *Jaegel* v. *Jacques,* 47 Cal.App.2d 179, 181 [117 P.2d 710]; *Estate of Friedman,* 178 Cal. 27, 32 [172 P. 140]; *Rolland* v. *Porterfield,* 183 Cal. 466, 470 [191 P. 913].)

Appellant argues that the respondent's affidavit is insufficient to establish that any search of the records was actually made, being hearsay as to that fact. (*Southern Cal. Tel. Co.* v. *Damenstein,* 81 Cal.App.2d 216, 221 [183 P.2d 675].) This may be conceded, but respondent, an aged Chinese with a limited knowledge of English and none of American records, could hardly make the search himself. By employing another person to do so he exercised such diligence as he could in that regard and it may be inferred from appellant's failure to assert under oath that he did own any leviable property at that time of record or otherwise that he in fact owned none.

Appellant attempts to nullify the effect of respondent's inquiries from persons in Chinatown as to appellant's whereabouts and ownership of property by quoting from *Hatch* v. *Calkins,* 21 Cal.2d 364, 371 [132 P.2d 210] the language indicating that a judgment creditor may not rely on "gossip in the community" or "hearsay statements of the debtor's fellow townsmen rather than make any independent search for property of the debtor." The facts of that case are not parallel. In the Hatch case no attempt to search the records was made and if one had been made leviable property of the debtor would have been discovered. In our case the respondent employed a person almost immediately to make a search and there was

no showing of the existence of any leviable property to be discovered. After failing to discover leviable property by the employment of a person to search the records, it was an evidence of additional diligence that respondent afterwards continued to pursue inquiries among neighbors and friends of appellant and to search the telephone books to try to locate a place of business operated by appellant at which, if discovered, leviable assets might have been found.

''The law does not require idle acts and the statute under consideration should not be given a construction which would penalize a creditor for inactivity when he in good faith explores the available sources of information. There is no rule of law which requires a creditor to continue a vigorous search for something he believes does not exist and which does not in fact exist.'' (*Helvey* v. *Castles, supra,* 73 Cal.App.2d 667, 674.)

It does not here appear that appellant had any leviable property until he moved to Oakland and the trial court was entitled to find that just about that time appellant deliberately and fraudulently misled respondent into the belief that he was a resident of Honolulu.

The two cases of *Bank of America* v. *Williams* reported respectively in 84 Cal.App.2d 562 [191 P.2d 17] and 89 Cal.App.2d 21 [200 P.2d 151] are not in point. In them the Los Angeles branch of the creditor bank made no effort whatever to locate property of the debtor in the county of his residence.

We cannot hold that the trial court abused its discretion in this case.

Order affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 27, 1949.