[Civ. No. 17616.   Second Dist., Div. One.   Nov. 29, 1950.]

ADOLPH ELGERT et al., Respondents, v. LENA HOWE, Defendant; BEN H. BROWN, as Public Administrator, etc., Appellant.

Harold W. Kennedy, County Counsel, and Baldo M. Kristovich, Deputy County Counsel, for Appellant.

Porter T. Kerckhoff for Respondents.

DRAPEAU, J.—October 13, 1937, Lena Howe negligently drove a Chevrolet automobile into plaintiffs' old Ford with the usual disastrous results.  Complaint for damages suffered by plaintiff husband and wife was filed, and brought to trial, resulting in judgment April 27, 1938.  The judgment was for $3,247.32 for the husband, and $1,000 for the wife.

No execution was issued or levied.  No legal steps were

taken to collect the judgment until March 4, 1949, when notices of motion were filed. The superior court made the following orders: (a) Substituting the public administrator of Los Angeles County as defendant, Lena Howe having passed away October 10, 1948; (b) granting leave to enforce the judgment against her estate, in accordance with section 685, Code of Civil Procedure; and (c) denying the public administrator's motion to strike affidavits and portions of an affidavit from the files.

From these orders the public administrator appeals.

The motions were supported by affidavits of plaintiffs, their counsel, and an employee of a savings and loan association. From these the following facts appear: That the judgment has not been satisfied; that timely search was made of the county records to discover if decedent owned any property; that she lived in a house upon which a declaration of homestead had been filed; that this property was worth less than the homestead exemption; that decedent owned another parcel of property, title to which was in a trust company; that she advised counsel for plaintiffs that she did not own this property, and that it was of no value; that she had an account in a federal building and loan association, but that no one knew, or found out about it until after her death; that she pledged the officers of the association to secrecy, which pledge they kept for her; that she told counsel for plaintiffs that she did not own any property except her homestead; that from the date of the judgment until the making of the motions, frequent search and inquiry were made to discover property of decedent subject to execution, without avail; that decedent posed as a person indigent and without means, and without sufficient to live on except for the charity of her friends and neighbors; that when the trial on the issue of negligence was had, decedent and her then counsel informed plaintiffs' counsel that they would not appear to contest the action, and that there was nothing whatever out of which any judgment against decedent could be satisfied; that for the foregoing reasons no execution was issued or levied, and no supplemental proceedings were pursued.

The public administrator filed his affidavit in opposition, setting forth a schedule of the property of the decedent which had come into his hands. This included credits in the loan association of upwards of $4,000. An affidavit was also filed by a real estate investigator in the office of the public administrator.

The public administrator presents the following contentions: (1) That his motion to strike the affidavits of plaintiffs should have been granted, because they were incompetent witnesses under the provisions of subdivision 3 of section 1880 of the Code of Civil Procedure. (2) That portions of the affidavit of counsel for plaintiffs was hearsay. (3) That the motion to enforce judgment against the probate estate should have been denied, for lack of due and reasonable diligence on the part of the judgment creditors. (4) That the motion to substitute the public administrator should have been denied for the same reasons as set forth why the motion to enforce the judgment should have been denied.

These contentions will be discussed in order.

■ In support of his first contention, the public administrator argues that subdivision 3 of section 1880 of the Code of Civil Procedure is particularly applicable in cases wherein the provisions of section 685 of the same code are sought to be applied; that over 10 years elapsed from the time of entry of the judgment until the time of filing the notices of motion; that in these cases the public administrator finds it impossible to controvert affidavits of judgment creditors, and must do the best he can from information obtained from the records, effects, and possessions of decedents.

The recent case of *Lohman* v. *Lohman*, 29 Cal.2d 144 [173 P.2d 657], is determinative of this question. On page 152 of the reported decision the Supreme Court says: ''And the motion authorized by section 685 of the Code of Civil Procedure is not a proceeding within the meaning of section 1880(3) of the same code.''

■ With reference to claimed hearsay in the affidavits: Section 685 of the Code of Civil Procedure requires the judgment creditor to file affidavits setting forth the *reasons* for failure to cause execution to issue within five years, as required by section 681 of the Code of Civil Procedure. The statements in the affidavits in this case give the reasons for the delay. Such hearsay as may be included is within the direction of the statute.

Points three and four may be considered together—that the motion to enforce the judgment should have been denied for lack of due diligence of the judgment creditor.

■ All of the authorities agree that orders, granting or denying motions under section 685 of the Code of Civil Procedure, are within the sound discretion of the trial court, and that orders made under such authority will not be disturbed

on appeal unless it clearly appears that the determination constitutes an abuse of discretion. (*Butcher* v. *Brouwer,* 21 Cal.2d 354 [132 P.2d 205], and cases cited; *Yuan* v. *Ping,* 91 Cal.App.2d 652 [205 P.2d 763].)

No abuse of discretion appearing, the orders are affirmed.

White, P. J., and Doran, J., concurred.