[Civ. No. 17818.   Second Dist., Div. Three.   Mar. 14, 1951.]

MILDRED F. KELLOW, Appellant, v. WALTER F. LANE, Respondent.

Fred N. Arnóldy for Appellant.

Harold F. Pettee, Jr., for Respondent.

BARTLETT, J. pro tem.—This is an appeal from an order made on December 19, 1940, denying appellant's motion for an order directing issuance of a writ of execution after five years from the date of the judgment under the provisions of section 685 of the Code of Civil Procedure and also from an order made January 13, 1950, denying a motion made by appellant to vacate and set aside its order of December 16, 1949, and for leave to renew or reconsider the original motion.

The judgment herein was entered on May 2, 1938. The notice of motion for an order directing issuance of execution on the judgment after a lapse of five years was filed November 2, 1949, eleven years and six months later. The affidavits accompanying the motion and upon which it was based were affidavits made by the appellant, her office manager, a former wife of the respondent and the respondent's son. The judgment in the case before us was based upon a judgment theretofore entered in 1933. █ The affidavit of appellant is concerned in most part with attempts to collect on this prior judgment, made in the year 1933 and the proceedings in a bankruptcy matter of respondent's which terminated on July 26, 1935. The only matter in the affidavit referring in any way to any possible efforts to collect the judgment in the action before us rendered in 1938 is the following: "That said defendant Walter F. Lane has at all times herein mentioned been a resident of the County of Los Angeles, State of California; that the records of said Los Angeles County have been

searched periodically and plaintiff discovered no property assessed to said Walter F. Lane at the time of the entry of the judgment in this action or at any time since the entry of the original judgment in said Action No. 346632. That since the termination of said Bankruptcy proceedings plaintiff has made and caused to be made diligent search and inquiry at frequent and regular intervals concerning any property of said Walter F. Lane. That until on or about October 1, 1949 affiant discovered no property of said Walter F. Lane upon which execution might be levied and received no information which might have led to the discovery of any property of said Walter F. Lane, and that the issuance of a writ of execution upon said judgment would have been futile.'' Following this quotation from her affidavit the appellant relates that a former wife and a son of respondent's called on her office manager on October 1, 1949, after which this affidavit was made on October 28, 1949. So far as this affidavit is concerned it gives us no facts as to what was done. She does not tell us when the records were searched, what she means by ''periodically,'' whether these searches were made during the five-year period after 1938 or as to when and of whom she made the inquiry concerning the property of respondent. She contents herself with saying that she discovered no property upon which execution might have been levied or which might have led to its discovery. It was stated in *Di Corpo* v. *Di Corpo,* 33 Cal.2d 195 at page 200 [200 P.2d 529], in considering affidavits which contained more facts than the quoted portion of this one: ''Although plaintiff alleged that 'she has been unable . . . to find any property of the defendant,' her affidavits do not show what efforts were made to determine where defendant lived after 1932 or to locate any property owned by him. She has failed to set forth facts from which the trial court might conclude that she had exercised due diligence in locating defendant's property.'' The affidavit of the office manager of appellant relates to no efforts whatever to collect the judgment but merely relates a conversation held by her with respondent's former wife and his son held October 1, 1949. In addition to that this affidavit is entirely hearsay and should be disregarded in any event. (*Southern Cal. Tel. Co.* v. *Damenstein,* 81 Cal.App.2d 216, 221 [183 P.2d 675].) The affidavit of respondent's son merely states that the account of the conversation between his mother and himself and appellant's office manager was true and gives no

information as to any efforts of appellant to collect the judgment. Neither does the affidavit of respondent's former wife. These constituted all of the affidavits on which the motion was based. Counteraffidavits were filed by the respondent and the appellant replied to these by affidavits of her attorney, her office manager and respondent's former wife. However, the only statements in any of these affidavits showing any activity during the five-year period after 1938 are found in the affidavit of her attorney. He states that in the latter part of 1942 or the early part of 1943 he examined the index of grantees in the office of the county recorder. Also "That on several occasions prior to 1942, the exact dates of which affiant cannot recall, affiant examined said Grantee indexes and also the indexes to the Los Angeles County Assessment Rolls. . . ." These actions constituted a minimum of effort. The court stated in *Bank of America* v. *Williams,* 84 Cal. App.2d 562, 566 [191 P.2d 17]: "A serious intention to pursue its debtor would have induced some action indicative of diligence. But neglect to obtain an execution under section 681 or to make an examination of the debtor and merely to read, through a course of some 14 years as a routine matter, the lists of assessments and transfers in Los Angeles County is evidence of no diligence at all."

The foregoing constitutes a statement of all of the efforts made by appellant to enforce the judgment within the five-year period. The record is remarkable not for a recital of the efforts of the judgment creditor to collect the judgment, but for what it shows the appellant did not do. She did not even record an abstract of judgment, caused no writ of execution to be issued, did not examine the debtor on supplementary proceedings, although his telephone number and address were at all times in the telephone directory. She never at any time communicated with him by telephone or in writing. Although appellant knew that respondent was at all times employed by or connected with the Lane Paper Company, she never levied a garnishment on his wages or for any sums due him from that company. It appears that respondent at all times had a bank account in his own name but this bank account was never at any time levied upon nor were any inquiries made concerning it.

It is the settled law of this state that a judgment creditor, to avail himself of the provisions of section 685 of the Code of Civil Procedure, has the burden of showing that he used due diligence in attempting to enforce the judgment

within five years and that the determination of this question is within the discretion of the trial court. (*Beccuti* v. *Colombo Baking Co.*, 21 Cal.2d 360 [132 P.2d 207]; *Hatch* v. *Calkins*, 21 Cal.2d 364 [132 P.2d 210]; *First National Bank* v. *Scully*, 78 Cal.App. 828 [178 P.2d 835]; *Tucker* v. *Wilcox*, 88 Cal. App.2d 599 [199 P.2d 24].)

The respondent filed affidavits of himself and a title searcher that during this five-year period he had assets which are set forth in detail, upon which execution could have been levied. We have not reviewed these affidavits for the reason that there was a complete failure on the part of appellant to show any diligence on the part of the judgment creditor after the date of the entry of the judgment and no showing of an abuse of discretion by the trial court. In *Bank of America* v. *Williams, supra*, it is said (p. 568): "Appellant's argument that respondent did not aver whether he had leviable assets during the five-year period, or whether he concealed his assets, is irrelevant. The statute requires the plaintiff to show that he has exercised due diligence."

The greater part of appellant's affidavits and a large portion of respondent's counteraffidavits deal with matters occurring in 1933 and in connection with a bankruptcy proceeding in 1935. We have not reviewed these statements here, deeming them entirely outside the scope of a consideration as to what was or was not done years afterward in an attempt to enforce a later judgment. ▉ It has always been the rule that in considering the discretion of a trial court in passing on the motion contemplated in section 685 of the Code of Civil Procedure, the court must be guided by the circumstances arising *after* the entry of the judgment and has no right to consider facts appearing at the trial or any of the circumstances leading up to the judgment. (*Weldon* v. *Rogers*, 159 Cal. 700 [115 P. 464]; *Creditors Adjustment Co.* v. *Newman*, 185 Cal. 509 [197 P. 334].) The rule governing us is set forth in *Butcher* v. *Brouwer*, 21 Cal.2d 354, 358 [132 P.2d 205], in the following language: ". . . and in view of the legislative and judicial history of section 685, its present provisions should be construed as authorizing the court to give a creditor an execution only if, *during the five years following entry of judgment,* he exercised due diligence in locating and levying upon property owned by the debtor, or in following available information to the point where a reasonable person would conclude that there was no property subject to levy within that time." (Italics ours.)

As authority for the contention that the facts set forth in her affidavits showed due diligence on her part the appellant relies on the cases of *Mongerson* v. *Williams,* 64 Cal.App.2d 279 [148 P.2d 419] and *Troendle* v. *Clinch,* 74 Cal.App.2d 480 [169 P.2d 55].) The facts in those cases are readily distinguishable from those here. In both of those cases an extraordinary amount of diligence was shown by the holder of the judgment.

Twenty days after the decision of the court on the motion which we have been considering, appellant filed a notice of motion for leave to renew or reconsider her former motion and to vacate and set aside the order made thereon. An appeal has also been taken from the order denying this second motion. The notice of motion referred to does not comply with the provisions of section 1010 of the Code of Civil Procedure as that section requires that the grounds upon which it will be made must be stated. No grounds were stated for the reason that, as an examination of the accompanying affidavits discloses, there were no grounds for such a motion. No matters were set forth in the accompanying affidavits that were not before the trial court at the first hearing. ■ As the prior order of the court made a few weeks before on the identical question was an appealable order as illustrated by the appeal taken from it in the case before us, the decision of the court refusing to change its decision or to vacate its order is not appealable. The following from *Litvinuk* v. *Litvinuk,* 27 Cal.2d 38, 43, 44 [162 P.2d 8], states: "Considering the appeal from the order denying the motion to vacate the judgment under section 473 of the Code of Civil Procedure, as a thing prohibited directly may not be done indirectly, it is the general rule that an appeal may not be taken from a nonappealable order by the device of moving to vacate the order and appealing from a ruling denying the motion. (*Estate of Spafford,* 175 Cal. 52 [165 P. 1] ; *Estate of Keane,* 56 Cal. 407.) Nor will an appeal from an order denying a motion to vacate an appealable order or judgment be entertained when the purpose of the motion was to change the decision of the trial court upon the same facts. (*Bell* v. *Solomons,* 162 Cal. 105 [121 P. 377] ; *Alpers* v. *Bliss,* 145 Cal. 565 [79 P. 171].) Stated differently, if the grounds upon which the party sought to have a judgment vacated existed before the entry of judgment and would have been available upon an appeal from the judgment, an appeal will not lie

from an order denying the motion. (*Mather* v. *Mather*, 22 Cal.2d 713, 720 [140 P.2d 808]; *Estate of Richards*, 17 Cal.2d 259, 267 [109 P.2d 923].)''

The orders appealed from are affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied April 3, 1951, and appellant's petition for a hearing by the Supreme Court was denied May 10, 1951.