[Civ. No. 27425. Second Dist., Div. Four. Sept. 5, 1963.]

LEO SHAPIRO, Appellant, v. EDWARD JOHN CAHILL, Defendant and Respondent.

---

*Formerly Rules on Appeal, rule 26(a).

Leo Shapiro, in pro per., for Appellant.

No appearance for Defendant and Respondent.

KINGSLEY, J.— This is an appeal from an order denying a motion to issue an execution on a judgment pursuant to section 685 of the Code of Civil Procedure. Appeal is the proper procedure to review such order. (*Kellow* v. *Lane* (1951) 102 Cal.App.2d 821 [228 P.2d 872]; *Atkinson* v. *Atkinson* (1939) 35 Cal.App.2d 705 [96 P.2d 824]; *McClelland* v. *Shaw* (1937) 23 Cal.App.2d 107 [72 P.2d 225].)

The only statement of facts before us is that of appellant,

since respondent has not filed a brief with this court, after a request to do so pursuant to California Rules of Court, rule 17(b).* Therefore, pursuant to the provisions of such rule, we accept appellant's statement of facts as correctly stating the events hereinafter set forth.

Appellant as attorney of record for Mrs. Cahill filed a complaint for divorce against respondent on December 26, 1944. Respondent not having appeared, his default was entered and an interlocutory judgment of divorce was granted to plaintiff on February 7, 1945, and entered on February 8, 1945. The interlocutory judgment provides, so far as is pertinent herein, as follows: ''Defendant Edward John Cahill is further ordered to pay to Leo Shapiro, attorney for plaintiff, the sum of $500.00 for attorney fees, said sum payable forthwith.'' A final judgment of divorce was entered on February 13, 1946.

The attorney fees not having been paid as of December 3, 1962, appellant served on respondent, and on December 4, 1962, filed, a written notice of motion, supported by the declaration of appellant, for an order directing issuance of execution for payment of said sum of $500. After numerous continuances at the request of respondent's attorney, the motion was submitted to the court for decision on December 26, 1962, with leave allowed respondent to file opposition to the motion if he should be so advised. No opposition, either by way of affidavit, declaration, or points and authorities, was filed by respondent. On March 6, 1963, the said motion previously submitted on December 26, 1962, was denied by the court.

The motion for the writ was made by the payee attorney in his own name and the appeal is also taken in his name. █ Although the original application for attorney fees in matrimonial actions must be made by the wife and in her name, once an order has been made, pursuant to section 137.5 of the Civil Code, directing payment to be made to counsel, the latter may enforce the order in his own name by seeking the levy of execution. (*Weil* v. *Superior Court* (1950) 97 Cal. App.2d 373, 377 [217 P.2d 975].)

Prior to its 1955 and 1957 amendments, section 685 of the Code of Civil Procedure provided in part: ''In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth

---

*Formerly Rules on Appeal, rule 17(b).

the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion."[1]

Appellant's affidavit set forth, among others, the following facts:

1. Shortly after entry of the interlocutory judgment, respondent dropped completely out of sight and, in spite of numerous and repeated efforts to locate him, including examination of telephone books and directories, and communications with the Department of Motor Vehicles, it was not possible to ascertain his whereabouts.

2. That several collection agencies to whom the matter was referred for collection were unable to locate respondent or any assets belonging to him.

3. That respondent was in San Quentin Prison for approximately seven years from 1945 to 1952 (with the exception of nine months when he was on parole). However, appellant only discovered this fact in 1962.

■ The cases interpreting section 685 relating to issuance of a writ of execution after five years from date of judgment, require the judgment creditor to have used diligence in attempting to enforce the judgment within the five-year period, before he can avail himself of section 685. (*John P. Mills Org.* v. *Shawmut Corp.* (1947) 29 Cal.2d 863 [179 P.2d 570]; *Butcher* v. *Brouwer* (1942) 21 Cal.2d 354 [132 P.2d 205]; *Kellow* v. *Lane* (1951) 102 Cal.App.2d 821 [228 P.2d 872].) However, the issue is not whether the judgment creditor has exercised extreme diligence, but whether appellant has exercised due diligence. (*Troendle* v. *Clinch* (1946) 74 Cal.App.2d 480 [169 P.2d 55].)

Furthermore, the mere lapse of time in and of itself is not of sufficient moment for denial of appellant's motion. ■ "The doctrine of laches can be invoked only where by reason of plaintiff's acts the allowance of the claim would work an unwarranted injustice. [Citations.] ■ Laches in

[1]Appellant is mistakenly under the impression that his rights to enforcement of the judgment are pursuant to section 685 of the Code of Civil Procedure as it now reads. However, appellant had five years as a matter of right to enforce the judgment after its entry, which was on February 8, 1945. This right expired on February 9, 1950. To be entitled to enforcement of the judgment after that date, appellant had to avail himself of the provisions of section 685. Therefore, his rights, if any, under section 685 accrued on February 9, 1950, and are to be determined pursuant to said statute as it read on that date.

legal significance is not mere delay, but delay that works a disadvantage to another. [Citations.]'' (*Long* v. *Long* (1946) 76 Cal.App.2d 716, 722 [173 P.2d 840].)

It is axiomatic that a motion for issuance of execution after the lapse of time after its entry, is addressed to the sound discretion of the trial judge, and that his decision will not be reversed on appeal except for a clear abuse of such discretion. (*McClelland* v. *Shaw* (1937) *supra,* 23 Cal.App. 2d 107, 109-110.)

However, under the circumstances here presented, it would appear that the exercise of a sound discretion would require the enforcement of the judgment. As a matter of law, the appellant has shown due diligence. The respondent filed no affidavit or declaration with the court below, nor brief on appeal with this court, controverting any of the allegations of the appellant in his affidavit in support of his motion, nor has he shown any circumstances occurring subsequent to the five-year period making it inequitable or unjust to enforce the judgment against him at this time. Where some showing in opposition to an application for a writ of execution is made, the trial court has a basis for a weighing of any conflict as to the facts or as to the relative equities involved. But where, as here, no such showing was attempted there was nothing for the trial court to weigh against the showing of diligence on the part of appellant and a peremptory denial of the motion was, as a matter of law, an abuse of discretion.

The order appealed from is reversed and the cause is remanded with direction to the trial court to issue a writ of execution as prayed.

Burke, P. J., and Jefferson, J., concurred.